Robert F. STEPHENSON and Locketta B. Stephenson, Plaintiffs,

v.

JORDAN VOLKSWAGEN, INC., et al., Defendants.

No. C-C-76-288.

United States District Court, W. D. North Carolina, Charlotte Division.

March 15, 1977.

William C. Tindal, Yarborough, Bell & Tindal, Lancaster, S. C., for plaintiffs.

Charles E. Knox, Wardlow, Knox & Knox, Charlotte, N. C., for Jordan Volkswagen and Melvin Stewart.

Marvin Levine, Levine & Poznansky, New York City, for Gran Prix Autowholesalers, Inc., and Gen Goss, General Manager, Auto Hire, Inc., for defendants.

## ORDER

McMILLAN, District Judge.

Robert and Locketta Stephenson, plaintiffs, filed this suit on October 20, 1976, against three car sellers and one car salesman under Section 409 of the Motor Vehicle Information and Costs Savings Act, 15 U.S.C. § 1989, alleging that one or more of the defendants altered the odometer reading of a car sold to the plaintiffs.

Plaintiffs are residents of Lancaster, South Carolina. On March 19, 1976, they purchased the car at issue in North Carolina from defendant Jordan Volkswagen of Charlotte. Jordan Volkswagen had purchased the car in New York City from defendant Gran Prix Auto Wholesalers, Inc. on February 23, 1976. Gran Prix had obtained the car from defendant Auto Hire of North Bergen, New Jersey, on February 20, 1976.

Plaintiffs chose to bring suit in the Western District of North Carolina where they had purchased the car in question.

On November 15, 1976, defendant Gran Prix filed a motion to dismiss on the grounds that it is not subject to service of process in the State of North Carolina, that venue is not proper in the Western District of North Carolina, and that service of process was deficient. Alternatively, Gran Prix moved for transfer of venue pursuant to 28 U.S.C. § 1404.

Accompanying the motion, Gran Prix filed an affidavit of its President, Edward Haskell, which states that Gran Prix is a New York corporation doing business only in New York and that Gran Prix sold the car in question to Jordan at Gran Prix's office in New York.

By order filed December 15, 1976, the court determined that the manner of service was proper and required plaintiffs to submit evidence establishing the existence of personal jurisdiction over Gran Prix.

Plaintiffs have submitted evidence in the form of answers to interrogatories by defendant Jordan Volkswagen which show that Jordan purchased twenty-five used cars from Gran Prix over the course of ten months in 1975 and 1976.

## JURISDICTION

■ Gran Prix objects to service of process on the grounds that Gran Prix is not licensed to do business in North Carolina, is not "doing business" in North Carolina, has had no direct contact with the plaintiffs in North Carolina, and is therefore not "present" in North Carolina for purposes of service of process nor subject to the jurisdiction of this court. Gran Prix further contends that limitations imposed by the Due Process Clause preclude the exercise of personal jurisdiction over Gran Prix in this state.

Plaintiffs argue that Gran Prix's sale of twenty-five used cars to Jordan Volkswagen of Charlotte, North Carolina, constitutes sufficient contact with North Carolina to make Gran Prix amenable to suit here.

There is no federal statutory law governing jurisdiction over the person. However, Rule 4(e) of the Federal Rules of Civil Procedure indirectly incorporates state law concerning jurisdiction over the person by permitting service of process on non-resident corporations "under the circumstances and in the manner" provided by state law. One "circumstance" under North Carolina law is the existence of personal jurisdiction over the defendant.

Plaintiffs effected service of process "in the manner" prescribed by North Carolina General Statutes § 1A–1, Rule 4(j). Under Rule 4(j), such service is effective only where the court has "grounds for personal jurisdiction" as provided in North Carolina General Statutes § 1–75.4.

North Carolina General Statutes § 1–75.-4(4) provides for "jurisdiction over a person"

"In any action . . . claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury . . . b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed within this State in the ordinary course of trade."

The North Carolina "long-arm" statute has regularly been interpreted to be a legislative attempt to assert personal jurisdiction over non-resident defendants to the full extent permitted by the Due Process Clause. See, e. g., *First-Citizens Bank & Trust Co. v. McDaniel*, 18 N.C.App. 644, 197 S.E.2d 556 (1973).

Therefore, the North Carolina and the due process tests for personal jurisdiction are co-extensive and the case presents the following question: Does the sale by Gran Prix of 25 used cars in New York to one North Carolina dealer during a recent ten-month period constitute enough contacts with North Carolina to make the exercise of personal jurisdiction over defendant Gran Prix accord with the notions of fair play and substantial justice expressed in the Due Process Clause?

At or about the time of plaintiffs' alleged injury, defendant Gran Prix was buying used cars and then selling them on a regular basis to Jordan Volkswagen, a North Carolina automobile retailer. The car purchased by plaintiffs was among these. Defendant Gran Prix could reasonably have been expected to know that the used cars dealt to Jordan would be sold to consumers such as plaintiffs in North Carolina. Gran Prix should have known further that de-

fects in those cars causing injury to North Carolina purchasers could result in suits being filed against Gran Prix in state or federal courts in North Carolina.

With this knowledge, Gran Prix had the choice of dealing with Jordan Volkswagen or declining to do so. Gran Prix chose to deal with Jordan, and to do so *on a regular basis*. It is not unfair or unjust to make Gran Prix bear the burdens as well as the benefits of regular dealings with North Carolina automobile retailers when the burdens were obvious in advance of the dealings and when the burdens arise out of those dealings.

Had plaintiffs' claim been one for personal injuries arising out of defects in the used car caused by the negligence of Gran Prix in servicing it, jurisdiction would have been clear on these facts. That plaintiffs' claim arises from less dramatic injuries due to alleged fraudulent odometer tampering does not change the underlying considerations sufficiently to require a different determination of the jurisdictional issue.

## VENUE

■ 28 U.S.C. § 1391(b) provides that in actions brought to recover damages for violation of a federal statute, venue is proper only in the district in which all defendants reside or in the district in which the claim arose.

For purposes of venue, the residence of a corporate defendant is controlled by Section 1391(c). Because Gran Prix is not "doing business" in North Carolina within the meaning of Section 1391(c), it does not reside here.

Yet, the claim can fairly be said to have arisen in this district. The court cannot decide where the odometer tampering occurred, if it occurred, without deciding the major factual issue in the case. However, plaintiffs purchased the car in North Carolina and suffered injury at that point from any odometer tampering on the part of defendants. That is a sufficient basis to find that the claim arose in this district.

Gran Prix claims that Section 1391(c) is the exclusive test for venue over corporate parties and that it is therefore not subject to suit in the district where the claim arose under Section 1391(b).

■ The purpose of § 1391(c) is to determine the residence of a corporation for purposes of applying § 1391(b). Congress obviously did not intend that corporations be amenable to suit only where they reside, while leaving all other defendants amenable to suit where claims arose as well as where they reside.

Gran Prix may be sued in this district, where the claim arose.

## TRANSFER

■ The court declines to grant Gran Prix a change of venue under 28 U.S.C. § 1404. Defending this suit in North Carolina will inconvenience Gran Prix, but no more than plaintiffs would be inconvenienced by having to bring suit in New York.

Gran Prix has not claimed that the convenience of witnesses would be served by transfering the case to New York nor has it supplied the names and likely testimony of any witnesses.

Three other defendants, including the New Jersey business which sold the car in question to Gran Prix, have submitted to suit in this court. The primary factual issue is which, if any, of the defendants tampered with the odometer of the car in question. The convenience of all parties save Gran Prix will be served by resolving that factual question in one forum in one suit.

IT IS THEREFORE ORDERED:

1. That the motions of defendant Gran Prix to dismiss or to transfer venue are denied.

2. That the defendant Gran Prix file its answer to the complaint within twenty days of the filing of this order.

3. That the defendant Gran Prix file answers to plaintiffs' interrogatories within thirty days of the filing of this order.