**Christopher HINZMAN, Plaintiff,**

**v.**

**SUPERIOR TOYOTA, INC., a West Virginia corporation, and Bobby Porter, d/b/a Bobby's Auto Sales, Defendants.**

**Civ. A. No. 86–0025–C(K).**

United States District Court,
N.D. West Virginia,
Clarksburg Division.

May 19, 1987.

Thomas W. Kupec, Michael & Kupec, Clarksburg, W.Va., for Hinzman.

William G. Powell, Parkersburg, W.Va., for Superior Toyota.

John Lewis Marks, Jr. and Richard W. Gallager, Clarksburg, W.Va., for Bobby Porter.

## ORDER

KIDD, District Judge.

Christopher Hinzman, plaintiff, filed this action on February 19, 1986, against Superior Toyota, Inc., a West Virginia car dealer, and Bobby Porter, a car salesman doing business as Bobby's Auto Sales in Kentucky. The action was brought pursuant

to Section 409 of the Motor Vehicle Information and Costs Savings Act, 15 U.S.C. § 1989. Plaintiff alleges that defendants altered the odometer reading of a car sold to him.

Plaintiff chose to bring this action in the Northern Judicial District of West Virginia where he had purchased the car from defendant Superior Toyota. Defendant Bobby Porter, a non-resident of West Virginia, who had sold the car in question to defendant Superior Toyota, was personally served a summons and complaint in Flemingsburg, Kentucky, by a county law enforcement officer from Kentucky.

On March 24, 1986, defendant Porter appeared specially by counsel and filed his motion to dismiss the complaint and to quash return of service upon three grounds. First, service of process was not effected pursuant to Rule 4(e) and (f) and *W.Va.Code*, § 56-3-33. Second, the Court lacks *in personam* jurisdiction over defendant Porter. Third, that Bobby's Auto Sales is a Kentucky corporation, and that defendant Porter, being an officer of said corporation, could not be sued individually as doing business as Bobby's Auto Sales. On April 14, 1986, plaintiff filed his memorandum in opposition. On April 16, 1986, defendant Porter also moved to dismiss the crossclaim of defendant Superior Toyota.

On September 22, 1986, the Court held an evidentiary hearing on these motions. Thereafter, on October 7, 1986, the Court ordered defendant Porter to produce records of the number of vehicles sold to car dealers in West Virginia during the last five years. On March 17, 1987, defendant Porter filed an affidavit stating that Bobby's Auto Sales, Inc. had sold 127 cars to West Virginia car dealers. On April 20, 1987, defendant Superior Toyota filed its memorandum in opposition to defendant Porter's motion.

## PERSONAL JURISDICTION

In analyzing whether the Court has personal jurisdiction over defendant Porter, the first determination is whether West Virginia state law authorizes jurisdiction. The second consideration is if West Virginia law authorizes jurisdiction, whether it comports with constitutional due process requirements. *Blue Ridge Bank v. Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir.1985).

*W.Va.Code* § 56-3-33 is the West Virginia long-arm statute, which authorizes jurisdiction over any non-resident who:

(4) Caus[es] tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State.

This section authorizes personal jurisdiction over defendant Porter if (1) a tortious injury in West Virginia is caused by an out of state act or omission; and (2) a relationship between defendant Porter and West Virginia exists in any one of the three ways specified in subsection (4).

The Court is of the opinion that both requirements have been met. First, defendant Porter is alleged to have rolled back the odometer on the car bought by the plaintiff by approximately 40,000 miles, in violation of federal law. This is the first requirement. The second requirement is satisfied by defendant's action of selling 127 cars to West Virginia car dealers from 1982 to 1986. It is clear that defendant Porter was selling cars on a regular basis to West Virginia car dealers, who would, in turn, sell cars to West Virginia citizens and that defendant Porter received substantial revenue therefrom. Therefore, the West Virginia long-arm statute authorizes personal jurisdiction over defendant Porter.

The next inquiry is whether such an authorization of personal jurisdiction over defendant Porter comports with the due process clause of the Constitution. The basis for such an inquiry is as follows:

The basic principle is of course that the defendant must have "certain minimum contacts" with the forum state and that the exercise of jurisdiction over him "does not offend 'traditional notions of fair play and substantial justice.'" The constitutional interest protected is the individual's liberty interest in not being

bound *in personam* by judgments of a forum with which he lacks meaningful contacts, ties or relations. These minimum contacts cannot have had their source in the "unilateral activity of those who claim some relationship with a nonresident defendant," but must be found in conduct of the defendant by which he "purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." The "purposeful availment" requirement guards against the possibility that a defendant will be haled into a forum solely as a result of "random, isolated, or fortuitous" contacts. What is sought is conduct by the defendant in relation to the forum state "such that he should reasonably anticipate being haled into court there."

Critically, where jurisdiction is asserted in respect of a claim "arising out of or related to the defendant's contacts with the forum" (specific jurisdiction) the contacts required by due process to support jurisdiction need not rise to the level of the "systematic and continuous" contacts required to support an assertion of jurisdiction in respect of a claim that does not arise from or bear relation to the contacts (general jurisdiction). In a given case, therefore, contacts that would not constitutionally justify an exercise of general jurisdiction might support an exercise of specific jurisdiction. Indeed, where authorized by state law, a single contact by a nonresident defendant may, if sufficiently "purposeful" in its aim at, and sufficiently egregious in its impact upon, a forum state's legitimate interests, support a constitutional exercise of specific jurisdiction in respect of a claim arising from that very contact.

This important distinction between specific and general jurisdiction rests upon two simple and obvious points. First, that all other factors aside, a state obviously has a greater and more legitimate interest in providing a forum for claims based upon conduct causing harm within its borders than for those based on conduct unconnected throughout its course with the forum's territory. Second, that, in corollary, an out-of-state defendant should more reasonably expect to be haled into a foreign state's courts when his purposefully targeted conduct has caused harm within that state's borders than when the specific conduct upon which a claim against him is based is unrelated territorially to a state with which he is not in continuous and systematic general contact. As a general proposition, that is, it is more "fair" to exercise jurisdiction when there is a close "relationship among the defendant, the forum, and the litigation" than when there is no relation between forum and litigation. (citations omitted)

*First American First v. National Ass'n of Bank Women,* 802 F.2d 1511, 1515–1516 (4th Cir.1986).

Within these principles, the Court finds that jurisdiction over defendant Porter can be exercised under the West Virginia long-arm statute. Defendant Porter could reasonably have been expected to know that the used cars dealt to West Virginia car dealers in general, and to defendant Superior Toyota in particular, would be sold to consumers such as the plaintiff in West Virginia. Defendant Porter should have known further that the alleged rolling back of odometers, causing injury to a West Virginia purchaser, could result in a suit being filed against defendant Porter in state or federal court in West Virginia.

As such, defendant Porter has "purposefully availed" himself to West Virginia, where he is being sued for alleged acts "arising out of" defendant Porter's contacts with West Virginia. Therefore, the Court is of the opinion that it has personal jurisdiction over defendant Porter. *See, Stephenson v. Jordan Volkswagen, Inc.,* 428 F.Supp. 195 (W.D.N.C.1977). Accordingly, defendant Porter's motion to dismiss with regard to the Court's *in personam* jurisdiction is DENIED.

As to defendant Porter's motion to dismiss for improper service and improperly named defendant, the Court is of the opinion to grant leave to the plaintiff to file an amended complaint for substitution of par-

ties and to perfect service upon defendant Bobby's Auto Sales, Inc. pursuant to *W. Va. Code* § 56–3–33, within thirty (30) days of the entry of this Order.

It is so ORDERED.