FIRST-CITIZENS BANK AND TRUST COMPANY v. WILLIAM K. McDANIEL, ROBERT D. LASLOCKY, ROBERT R. BAKER, AND J. STERLING DAVIS, JR.

No. 7310SC439

(Filed 11 July 1973)

Process § 9— action on endorsement — personal service on nonresident individual

Where defendant individually endorsed a promissory note given to a bank in this State by the corporate borrower of which defendant was the vice president, defendant's promise by his endorsement to repay the loan made to the corporation is a promise to pay for a service rendered in this State within the purview of G.S. 1-75.4 and constitutes sufficient minimal contact upon which the courts of this State may assert personal jurisdiction over defendant; therefore, courts

of this State obtained *in personam* jurisdiction over defendant, a resident of New Jersey, in the bank's action against defendant on his endorsement when the summons and complaint were personally served on him in New Jersey.

APPEAL by defendant Laslocky from *Hobgood, Judge,* 17 January 1973 Civil Session of WAKE County Superior Court.

In July 1969 Cameron Village Pet Center, Inc., a North Carolina corporation also known as Docktor Pet Center of Cameron Village and Docktor Pet Stores of Cameron Village, applied to plaintiff, First-Citizens Bank and Trust Company, for a loan of money. On condition that the corporate officers endorse the note, a loan agreement was made. On 8 July 1969 a promissory note in the amount of $51,999.60 was signed for Docktor Pet Center of Cameron Village by R. D. Laslocky as Vice President of the corporation and by William K. McDaniel as Treasurer. On the reverse side of the note both Laslocky and McDaniel signed individually as endorsers.

The corporation has since defaulted in payment and has gone into bankruptcy. First-Citizens Bank and Trust Company brought suit against defendants on their endorsements, and on the written guarantee of payment executed under seal by defendants other than Laslocky.

Laslocky is a citizen and resident of the State of New Jersey. Summons and complaint were personally served on him on 4 November 1972 by a deputy sheriff of Camden County, New Jersey.

Defendant moved under Rule 12 that the action be dismissed against him because he was not personally served within North Carolina, and for the reason that there were no grounds for service outside the State under G.S. 1-75.4.

Laslocky's motion to dismiss was denied, and he appealed.

*Hatch, Little, Bunn, Jones & Few by David H. Permar for plaintiff appellee.*

*Poyner, Geraghty, Hartsfield and Townsend by Marvin D. Musselwhite, Jr. for defendant appellant.*

CAMPBELL, Judge.

In *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945), the United States Supreme Court

defined the outer limits of *in personam* jurisdiction over non-resident defendants: "[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

In *McGee v. International Life Ins. Co.,* 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199 (1957), the Court upheld jurisdiction over a nonresident defendant based only upon one contract to be performed in the forum state.

And in *Hanson v. Denckla,* 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228 (1958), the court indicated that "longarm" jurisdiction was not unlimited. A trust had been created in Delaware, the trustee being located in that State. Some ten years thereafter the settlor of the trust moved to Florida. That State attempted to exercise *in personam* jurisdiction over the Delaware trustee. The court found that the trustee had no contacts with the State of Florida and could not be forced to defend a lawsuit in that State. The *trustee* had not engaged in " . . . some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws."

Thus, under *International Shoe, McGee,* and *Hanson* a single contract executed in North Carolina or to be performed in North Carolina may be a sufficient minimal contact in this State upon which to base *in personam* jurisdiction, with respect to the parties so contracting.

The above premise is codified in the North Carolina "long-arm" statutes, G.S. 1-75.4(1) through (10), which statutory provisions are a legislative attempt to assert *in personam* jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution.

G.S. 1-75.4(5) (a) confers personal jurisdiction over foreign defendants in any action which

"Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; . . . "

Where the nonresident defendant promises to pay the debt of another, which debt is owed to North Carolina creditors, such promise is a contract to be performed in North Carolina and is sufficient minimal contact upon which this State may assert personal jurisdiction over the defendant. *Koppers Co., Inc. v. Chemical Corp.,* 9 N.C. App. 118, 175 S.E. 2d 761 (1970).

We are of the opinion that clearly the lending of money to be repaid by the borrower is the rendering of a service by the lender to that borrower. It clearly follows therefrom that defendant's promise to pay the loan made by plaintiff to defendant's corporation is the promise to pay for a service rendered in this State, which payment also is to be made in this State.

Defendant's contract within this State comes within the provision of G.S. 1-75.4, and his connection with this State is sufficient to justify his being subjected to the jurisdiction of this State's courts.

No error.

Judges MORRIS and PARKER concur.