CHADBOURN, INC. A CORPORATION v. DANIEL KATZ AND BREVARD REALTY COMPANY, INC., A CORPORATION

No. 7426SC236

(Filed 17 April 1974)

**Process § 9— breach of contract — nonresident individual — minimal contact — process by registered mail**

A contract executed in this State for the sale of realty located in this State constitutes sufficient minimal contact upon which the courts of this State may assert *in personam* jurisdiction over a nonresident individual in an action for breach of the contract, and service of process by registered mail, return receipt requested, at the defendant's New York address was a proper means of acquiring personal jurisdiction over the defendant. G.S. 1-75.4(6)(a); G.S. 1A-1, Rule 4(j)(9).

APPEAL by defendant Daniel Katz from *Clarkson, Judge,* 22 October 1973 Session of Superior Court held in MECKLENBURG County. Argued in the Court of Appeals 13 March 1974.

Plaintiff, Chadbourn, Inc. (Chadbourn), is a North Carolina Corporation. Defendant, Daniel Katz (Katz), is a citizen and resident of New York.

The complaint contains two claims for relief. The first claim, seeking specific performance, alleges the execution of a contract between the parties on 24 July 1973, wherein Katz agreed to purchase from Chadbourn realty located in Charlotte, North Carolina, at a price of $350,000.00, with $25,000.00 down payment and $112,000.00 in cash payable at the closing, and the balance of $213,000.00 to be evidenced by promissory note secured by a purchase money deed of trust. The complaint further alleges that Katz informed Chadbourn that the contract had been assigned to Brevard Realty Company, Inc. (Brevard), and that conveyance should be to Brevard. Tender of the deed and other documents specified in the contract was made by Chadbourn to Katz who refused to accept tender or perform.

The second claim for relief alleges pertinent portions of the first claim for relief and prays in the alternative for the recovery of damages for expenses incurred, broker's fees, and loss of benefit of the bargain, in the amount of $135,000.00.

Service of process was completed by registered mail to the defendant in New York on 23 August 1973.

Katz, pursuant to Rule 12 of the North Carolina Rules of Civil Procedure, filed a motion to dismiss the action, to quash

the return of service of summons by substituted service on the grounds that he was a nonresident of North Carolina and had not been properly served with process.

The trial court denied defendant's motion to dismiss. Defendant appealed from the issue of denial of his motion.

*Helms, Mulliss & Johnston, by E. Osborne Ayscue, Jr. and C. Marcus Harris, for plaintiff-appellee.*

*Waggoner, Hasty & Kratt, by William J. Waggoner, for defendant-appellant.*

BROCK, Chief Judge.

After argument of the appeal in this Court, plaintiff filed a motion to amend its complaint by deleting its claim and prayer for specific performance of the contract. That motion has been allowed by separate order.

Defendant argues that the trial court erred in denying defendant's motion to dismiss under Rule 12. Defendant contends that the trial court did not acquire jurisdiction over defendant in an *in personam* action because defendant was not personally served with process.

G.S. 1-75.4(6)(a) provides: "A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

"(6) Local Property.—In any action which arises out of:

a. A promise made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to create in either party an interest in, or protect, acquire, dispose of, use, rent, own, control or possess by either party real property situated in this State; . . . . "

Plaintiff's complaint sufficiently alleges an agreement between the parties for Katz to *acquire* and plaintiff to *dispose* of real property in North Carolina, a tender of the deed and related documents specified in the agreement, and a failure of defendant to perform as set forth in the agreement.

G.S. 1A-1, Rule 4 (j) (9) provides: "In any action commenced in a court of this State having jurisdiction of the subject

matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process shall be as follows:

> (9) Any party that cannot after due diligence be served within this State in the manner heretofore described in this section (j), or that is not an inhabitant of or found within this State, . . . , service upon the defendant may be made in the following manner:
>
>> "b. Any party subject to service of process under this subsection (9) may be served by mailing a copy of the summons and complaint, registered mail, return receipt requested, addressed to the party to be served. Service shall be complete on the day the summons and complaint are delivered to the addressee, . . . "

In *Trust Company v. McDaniel,* 18 N.C. App. 644, 197 S.E. 2d 556, this Court, in summarizing the holdings of *International Shoe Company v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154, *McGee v. International Life Insurance Company,* 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199, and *Hanson v. Denckla,* 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228, held that " . . . a single contract executed in North Carolina or to be performed in North Carolina may be a sufficient minimal contact in this State upon which to base *in personam* jurisdiction, with respect to the parties so contracting." The contract for the sale of real property executed in North Carolina concerning real property in North Carolina was sufficient minimal contact in this case on which to base *in personam* jurisdiction.

Service of process was made upon defendant at defendant's address by registered mail, return receipt requested, in accordance with G.S. 1A-1, Rule 4 (j) (9) (b).

We are of the opinion that the trial court has jurisdiction over the defendant by reason of the contract to convey land situated in North Carolina; that substituted service of process by registered mail, return receipt requested, was a proper means of acquiring personal jurisdiction over defendant; and that the requirements of due process and notice were afforded the foreign defendant by the substituted service of process in accordance with the North Carolina General Statutes.

No error.

Judges MORRIS and CARSON concur.