WILLIAM D. BYRUM v. REGISTER'S TRUCK & EQUIPMENT COMPANY, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. THEISEN COMPANY (A CORPORATION), THIRD PARTY DEFENDANT

No. 763SC489

(Filed 5 January 1977)

Process § 14— foreign corporation — manufacture of trailers for N. C. company — jurisdiction by courts of this State — minimal contacts

Where a Florida corporation not transacting business in this State manufactured certain trailers for a North Carolina company from plans submitted by the North Carolina company, invoiced and titled the trailers to the North Carolina company, delivered the trailers in this State, and knew or had the reasonable expectation that the trailers were to be used or consumed within the boundaries of this State, the Florida corporation had sufficient minimal contacts with this State to satisfy the requirements of due process in order for the courts of this State to acquire personal jurisdiction over it pursuant to G.S. 55-145, G.S. 1-75.4(4)(b) and G.S. 1-75.4(5)(c) in an action to recover for defects in the trailers.

APPEAL by third party defendant, Theisen Company, from Rouse, Judge. Order entered 6 February 1976, Superior Court, CRAVEN County. Heard in the Court of Appeals 19 October 1976.

This action was instituted by William D. Byrum against Register's Truck and Equipment Company, Inc., (hereinafter referred to as Register) to recover damages allegedly sustained as the result of defects in a log trailer purchased from Register. Register's answer included a counterclaim for the cost of repairs against plaintiff and a third party complaint against

Theisen Company (hereinafter called Theisen). The original plaintiff is a resident of North Carolina. Register is a North Carolina corporation. Theisen is a Florida corporation not authorized to do business in this State. Service was had on Theisen by registered mail pursuant to the provisions of G.S. 1A-1, Rule 4(j) (9) (b). Theisen made a special appearance and moved for dismissal of the third party complaint on the ground that the courts of this State lack jurisdiction over its person. Affidavits were filed by Theisen and Register. The court entered an order finding facts, concluding that the court had personal jurisdiction over Theisen, and denied its motion. Theisen appealed.

*Ward, Tucker, Ward & Smith, P.A., by Michael P. Flanagan, for third party plaintiff appellee.*

*Sumrell, Sugg & Carmichael, by James R. Sugg, for third party defendant appellant.*

MORRIS, Judge.

Theisen's motion was filed 16 October 1974. On 5 January 1976, Judge Rouse entered an order requiring the parties to " . . . be prepared with affidavits and memoranda of law to argue the motions to dismiss . . . " on 2 February 1976. Register filed affidavits on 15 and 22 November 1974. However, Theisen did not file its two affidavits until 2 February 1976, the day of the hearing. The court in its order stated that it had reviewed " . . . the file, including Affidavits filed on the date of the hearing. . . " It found that certain trailers were manufactured by Theisen allegedly from plans provided it by Register; that Theisen titled the trailers manufactured by it in the name of Register and made an invoice for the trailers to Register; that Theisen is a Florida corporation not registered to do business in this State; that Register is a North Carolina corporation with its principal place of business in Craven County; that the trailers were delivered to Register and that no representative of Register was ever in Florida concerning the trailers; that an alleged breach of warranty or tort occurred within the boundaries of this State concerning the trailers; that Ward Theisen, President of Theisen, knew or had the reasonable expectation that the trailers were to be used or consumed within the boundaries of this State and were so used or consumed pursuant to the provisions of G.S. 55-145(a) (3) ; that the

delivery of the trailers to Register in this State was within the ordinary course of trade and that the trailers were manufactured by Theisen within the provisions of G.S. 1-75.4(4); that any dealings Theisen had with Harvey Cox were promises made to Cox to deliver goods within this State pursuant to the provisions of G.S. 1-75.4(5) (c) (d) and G.S. 55-145(a) (3). Based on those facts the court made the following conclusion of law: "That this Court has jurisdiciton over Theisen Company, a foreign corporation not transacting business within this State, and said jurisdiction is personal in nature pursuant to the provisions of G.S. Sec. 55-145 and G.S. Sec. 1-75.4."

There is no question but that the applicable statutes in this case are G.S. 55-145, "Jurisdiction over foreign corporations not transacting business in this State," and G.S. 1-75.4 et seq., the so-called "long-arm statute."

G.S. 1-75.4 confers jurisdiction over a person served pursuant to Rule 4(j) of the Rules of Civil Procedure where the court has jurisdiction over the subject matter.

"(4) . . . in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

a. . . .

b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed within this State in the ordinary course of trade."

G.S. 55-145 provides that foreign corporations not transacting business in this State shall be subject to suit in this State on any cause of action arising

"(1) Out of any contract made in this State or to be performed in this State . . . "

or

"(3) Out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers . . . "

Defendant properly concedes that the transaction of Theisen with Register comes within these statutory provisions but argues that the facts and circumstances of this case do not satisfy the fundamental fairness guaranteed by the due process clause of the Fourteenth Amendment necessary in order for the courts of this State to obtain jurisdiction over Theisen.

In *Goldman v. Parkland,* 277 N.C. 223, 229, 176 S.E. 2d 784, 788 (1970), Justice Moore, writing for the Court, said:

> "This Court in *Byham v. House Corp., supra,* listed a number of factors, some essential and others only having weight, to be considered in determining whether the test of 'minimum contacts' and 'fair play' have been met. The essential requirements are: (1) The form of substituted service adopted by the forum state must give reasonable assurance that notice to defendant will be actual; (2) there must be some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum state, invoking the benefits and protection of its law; and (3) the Legislature of the forum state must have given authority to its courts to entertain litigation against a foreign corporation to the extent permitted by the due process requirement. The Court then states: 'It is sufficient for the purpose of due process if the suit is based on a contract which has substantial connection with the forum state,' citing *McGee v. International Life Ins. Co., supra.*
>
> In *McGee* the United States Supreme Court held it was 'fair' to subject a foreign corporation to jurisdiction when the only contact with the state of the forum (California) was a single life insurance policy mailed to the forum state and on which premiums had been mailed from the forum state to the foreign corporation in Texas, holding that such insurance contract had a 'substantial connection' with the forum state."

The record here indicates that service was had in accordance with the statute and Theisen had actual notice. Also our legislature has given authority to the courts of this State to entertain litigation against a foreign corporation to the extent permitted by the due process requirement.

Here the transactions between Theisen and Register clearly met the requirement of "some act by which the defendant pur-

posefully avails himself of the privilege of conducting activities within the forum state, invoking the benefits and protection of its laws." The record discloses that an agreement was made between Register and Theisen for the manufacture by Theisen of more than one trailer to be delivered to Register in North Carolina; that the trailers were manufactured by Theisen from plans provided by Register; that the trailers were invoiced to Register, delivered to Register in North' Carolina; and that payment was made therefor upon delivery, the trailers having been titled to Register by Theisen.

Additionally G.S. 1-75.4(5) (c) confers jurisdiction in any action which "[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value . . . " This Court has held in numerous cases that a single contract is sufficient to satisfy the minimal contacts requirement. *Chadbourn, Inc. v. Katz,* 21 N.C. App. 284, 204 S.E. 2d 201, *aff'd.,* 285 N.C. 700, 208 S.E. 2d 676 (1974); *Trust Co. v. McDaniel,* 18 N.C. App. 644, 197 S.E. 2d 556 (1973); *Goldman v. Parkland,* 7 N.C. App. 400, 173 S.E. 2d 15, *aff'd.,* 277 N.C. 223, 176 S.E. 2d 784 (1970). We are of the opinion and so hold that the transaction before us had a "substantial connection" with this State and that the "minimum contacts" and "fair play" standards of *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957), have been met.

Affirmed.

Judges CLARK and ARNOLD concur.