TELERENT LEASING CORPORATION v. EQUITY ASSOCIATES, INC., TED F. KARAM, PASO DEL NORTE HOTEL CORPORATION, EDUARD VASQUEZ, AND UNIWORLD MANAGEMENT CORPORATION

No. 7710SC509

(Filed 20 June 1978)

1. **Constitutional Law § 24.7; Process § 14.4— foreign corporations—in personam jurisdiction—contracts made in N. C.**

    The trial court had *in personam* jurisdiction of the nonresident defendants pursuant to G.S. 1-75.4 and G.S. 55-145 where the uncontradicted evidence showed that both a lease, executed by defendant Equity in Texas, and an assumption agreement, executed by defendant Hotel Corporation in Texas, were "brought" to N. C. where they were accepted and executed by plaintiff, a Delaware corporation with its principal office and place of business in N. C.; the final act necessary to make the lease and assumption binding obligations was their execution by plaintiff in N. C.; and the lease and assumption were therefore contracts made in N. C.

2. **Constitutional Law § 24.7— nonresident individual—in personam jurisdiction— promise to pay for services performed in N. C.**

    Pursuant to G.S. 1-75.4(5), the trial court had jurisdiction over the person of the individual defendant Karam, a Texas resident who personally guaranteed payment or performance of a lease from plaintiff in the event of default by defendant Equity, since, by executing the personal guaranty, defendant

Karam promised to pay for services to be performed in N. C. by plaintiff, to wit: the execution of the lease in question, ordering of televisions, and causing them to be shipped to Texas, and the shipment of related equipment from Raleigh, N. C. to Texas.

**3. Constitutional Law § 24.6— nonresident defendant —in personam jurisdiction — requirements of due process**

For the exercise of *in personam* jurisdiction over a nonresident defendant, due process requires that defendant have certain minimum contacts with the forum state such that maintenance of suit therein does not offend traditional notions of fair play and substantial justice.

**4. Constitutional Law § 24.7; Process § 14.3— nonresident defendants —in personam jurisdiction — sufficient minimum contacts —due process**

The exercise of personal jurisdiction over nonresidents by the courts of this State did not violate due process of law and the defendants had sufficient minimum contacts with N. C. so as to satisfy the requirements of due process where the lease and assumption agreement giving rise to this action were both contracts made in this State; to carry out its initial obligations under the lease, plaintiff placed orders for televisions in this State and shipped equipment from its warehouse in this State; monthly payments of rentals due under the lease were mailed to plaintiff's offices in this State; and the lease itself expressly provided that N. C. law would govern should there arise any dispute regarding the lease. The individual defendant Karam's contract to pay the debt of defendant Equity, which debt was and is owed to plaintiff, a North Carolina creditor, constituted sufficient minimum contact to withstand the due process challenge to the exercise of *in personam* jurisdiction.

APPEAL by defendants Equity Associates, Inc. (Equity), Ted F. Karam, and Paso Del Norte Hotel Corporation (Hotel Corporation) from *Godwin, Judge.* Order entered 25 March 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 28 March 1978.

For purposes of this appeal, the uncontradicted allegations of plaintiff's complaint establish the following facts: Plaintiff is a Delaware corporation with its principal office and place of business in Raleigh. The individual defendants are residents of Texas and the corporate defendants are Texas corporations. By a lease No. 1110, plaintiff leased to defendant Equity 135 televisions and related equipment for a term of 60 months at a monthly rental price of $1,254.67. On 11 August 1971, plaintiff accepted a personal guaranty executed by defendant Karam guaranteeing payment or performance of the lease in the event of default by defendant Equity. The leased equipment was subsequently installed in the Hotel Paso Del Norte in El Paso, Texas.

In April 1975, plaintiff and defendant Hotel Corporation entered into an agreement whereby the latter, as successor lessee, assumed all of the obligations of the lease and agreed to make 28 monthly rental payments at $1,194.92 per month. Also under the assumption agreement, defendant Equity agreed to remain unconditionally bound by all terms and conditions of the lease.

Effective 1 July 1976, defendant Hotel Corporation sold the Hotel Paso Del Norte either to defendant Eduard Vasquez or defendant Uniworld Management Corporation, in which defendant Vasquez had an interest. By letter dated 6 August 1976, defendant Hotel Corporation notified plaintiff of the sale and stated that defendant Vasquez acknowledged and assumed the debt owed plaintiff by defendant Hotel Corporation.

Plaintiff alleged nonpayment of rentals from and after April 1976, and demanded possession of the leased equipment and damages from the defendants.

Service of process was had pursuant to Rule 4(j), North Carolina Rules of Civil Procedure. On 18 January 1977, pursuant to Rule 12(b)(2), defendants Equity, Karam, and Hotel Corporation moved to dismiss the action as to them, or in lieu thereof, to quash the return of service of process, on the grounds that the court lacked jurisdiction over the person of the moving defendants, and that any exercise of jurisdiction over the moving defendants would violate due process.

Affidavits were filed by the moving defendants in support of their motion to dismiss which indicated that the movants had never engaged in business in North Carolina, nor had any employees or agents conducted business in North Carolina in their behalf.

An affidavit filed on behalf of plaintiff outlined the circumstances surrounding the execution and performance of the lease which is the subject of this lawsuit. These circumstances are summarized as follows: The various agreements which were executed by the parties, i.e., the lease, guaranty, and assumption agreement, were each executed by the appropriate defendant (or officer) in Texas and then "brought" to Raleigh where each was then reviewed, approved and executed by an officer of plaintiff.

The television units which were the subject of the lease were acquired by plaintiff by means of purchase order placed with the Charlotte district office of General Electric Company. General Electric Company had the televisions delivered in Texas and documents of title were sent to plaintiff in Raleigh. Related equipment, including an antenna distribution system, 135 engraved channel designation plates, a theft alarm system, and 84 pedestal stands, was shipped by plaintiff from its warehouse in Raleigh. Two technicians from plaintiff's Raleigh offices were sent to Texas to install the equipment. In accordance with the terms of the lease, defendant Equity sent monthly payments to plaintiff's Raleigh office from June 1972 through January 1975. Defendant Hotel Corporation made such payments from February 1975 through March 1976.

The trial court considered the pleadings, affidavits, and arguments of counsel, and entered an order denying the motion to dismiss. Defendants appealed.

*Broughton, Broughton & Boxley, by William G. Ross, Jr., for plaintiff.*

*Poyner, Geraghty, Hartsfield & Townsend, by Marvin D. Musselwhite, Jr., and Cecil W. Harrison, Jr., for defendant appellants.*

BROCK, Chief Judge.

Eduard Vasquez and Uniworld Management Corporation were not parties to the motion to dismiss and are not parties to this appeal. All references to defendants in this opinion are to defendants Equity, Karam, and Hotel Corporation.

The sole question posed by this appeal is whether the trial court acquired *in personam* jurisdiction over defendants. The resolution of this question involves a two-fold determination: (1) is there a statutory basis for the exercise of jurisdiction by the courts of this State over these defendants in this action, and (2) if so, does the exercise of this power violate due process of law? *See Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977).

The order of the trial court contained no findings of fact or conclusions of law. The trial court was under no duty to make findings of fact and conclusions of law on this motion absent re-

quest by a party. G.S. 1A-1, Rule 52(a)(2). No such request appearing in the record, we presume "that the court on proper evidence found facts to support its judgment." *Sherwood v. Sherwood*, 29 N.C. App. 112, 113-114, 223 S.E. 2d 509, 510-511 (1976).

[1]  We must first determine if there is any statutory basis for the exercise of *in personam* jurisdiction over these defendants. As to the corporate defendants, our inquiry begins with G.S. 1-75.4, which reads in pertinent part as follows:

> "A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:"

> \*     \*     \*

> "(2) Special Jurisdiction Statutes.—In any action which may be brought under statutes of this State that specifically confer grounds for personal jurisdiction."

G.S. 55-145 is just such a special jurisdictional statute; it reads in pertinent part as follows:

> "(a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

> > (1) Out of any contract made in this State or to be performed in this State; or"

Thus, a foreign corporation may be subject to the jurisdiction of the courts of North Carolina by virtue of a contract made or to be performed in this State. In the case *sub judice*, the uncontradicted evidence in the record shows that both the lease, executed by defendant Equity in Texas, and the assumption agreement, executed by defendant Hotel Corporation in Texas, were "brought" to North Carolina where they were accepted and executed by plaintiff.

"For a contract to be made in North Carolina, it must be executed in North Carolina, that is, 'the final act necessary to make

it a binding obligation must be done in the forum state.' (citations omitted)." *Goldman v. Parkland*, 7 N.C. App. 400, 407-408, 173 S.E. 2d 15, 21, *aff'd*, 277 N.C. 223, 176 S.E. 2d 784 (1970). Paragraph 18 of the lease provides in part:

> "This agreement and any amendment hereto shall become binding upon the parties hereto when executed by the President or Vice President of Telerent Leasing Corporation, attested by its Secretary or Assistant Secretary, with corporate seal affixed thereto, and when executed by a duly authorized officer or agent of Lessee."

On the facts of the case *sub judice*, the final act necessary to make the lease a binding obligation was its execution by plaintiff in North Carolina. Thus the evidence establishes that the lease was a contract made in this State and we presume that the trial court so found.

Likewise, the assumption agreement between plaintiff and defendant Hotel Corporation was a contract made in North Carolina. Paragraph 3 of the lease prohibited transfer, delivery or sublease of the leased equipment or assignment of the lease without prior consent of plaintiff. The assumption agreement, which provided for a transfer to defendant Hotel Corporation of the rights under the lease, was accepted by plaintiff in Raleigh and became binding at that time. *A fortiori*, the assumption agreement was a contract made in North Carolina; once again, we presume the trial court so found.

We therefore have found a statutory basis for the exercise of *in personam* jurisdiction by the courts of this State over the corporate defendants. A single contract made in North Carolina is sufficient to subject a non-resident defendant to suit in this State. *Goldman v. Parkland, supra.* In light of the preceding discussion, we need not consider the additional statutory grounds for assertion of jurisdiction over the corporate defendants set out by plaintiff.

[2] We next must determine whether any statute confers jurisdiction over the person of the individual defendant, Karam. If so, it must arise from the guaranty contract executed by Karam by which he guaranteed performance and payment in the event that defendant Equity should default on the lease.

G.S. 1-75.4(5) confers jurisdiction over a non-resident defendant in any action which:

> "(a). Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State, or to pay for services to be performed in this State by the plaintiff; or"

It is well established "that North Carolina's long-arm statute (G.S. 1-75.4) should be liberally construed in favor of finding personal jurisdiction, subject of course to due process limitations." *Dillon v. Funding Corp.*, 29 N.C. App. 513, 516, 225 S.E. 2d 137, 140 (1976), *rev'd on other grounds*, 291 N.C. 674, 231 S.E. 2d 629 (1977). Under a liberal construction of G.S. 1-75.4(5)(a), it is our opinion that by executing the personal guaranty, defendant Karam promised to pay for services to be performed in this State by plaintiff, to wit: the execution of the lease, ordering of televisions and causing them to be shipped to Texas, and the shipment of related equipment from Raleigh to Texas.

Having found statutory authorization for subjecting these defendants to the jurisdiction of the courts of this State, we now must determine if the exercise of jurisdiction over defendants violates due process of law.

[3, 4] We will not discuss in detail the due process requirements for the exercise of *in personam* jurisdiction over a non-resident defendant. This topic has been fully explored in numerous appellate decisions in this State. *See, e.g., Byham v. House Corp.*, 265 N.C. 50, 143 S.E. 2d 225, 23 A.L.R. 3d 537 (1965); *Goldman v. Parkland*, 277 N.C. 223, 176 S.E. 2d 784 (1970); *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977); *Trust Co. v. McDaniel*, 18 N.C. App. 644, 197 S.E. 2d 556 (1973). Briefly summarized, due process requires that defendant have certain minimum contacts with the forum state such that maintenance of suit therein not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945). A single contract can provide the basis for the exercise of jurisdiction over a non-resident defendant. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199 (1957). In our opinion, the ongoing contractual relations, and obligations arising therefrom between plaintiff and defendant Equity, as later assumed by defendant Hotel Corporation, provid-

ed sufficient minimum contacts with this State so as to satisfy the requirements of due process. As noted in *Byham v. House Corp.*, *supra*, "[i]t is sufficient for the purposes of due process if the suit is based on a contract which has substantial connection with the forum state." 265 N.C. at 57, 143 S.E. 2d at 232. The lease and assumption agreement were both contracts made in this State. To carry out its initial obligations under the lease, plaintiff placed orders for televisions in this State, and shipped equipment from its warehouse in this State. Monthly payments of rentals due under the lease were mailed to plaintiff's offices in this State. Furthermore, the lease itself expressly provided that North Carolina law would govern should there arise any dispute regarding the lease. In our opinion, taking all of these factors into consideration, the lease and assumption agreement were contracts having a substantial connection with this State based upon which (consistent with due process) the corporate defendants can be subjected to the jurisdiction of the courts of North Carolina. As for the defendant Karam, his contract to pay the debt of defendant Equity, which debt was and is owed to plaintiff, a North Carolina creditor, constitutes sufficient minimum contact to withstand the due process challenge to the exercise of *in personam* jurisdiction. *See Trust Co. v. McDaniel, supra.*

The order of the trial court denying these defendants' motion to dismiss is

Affirmed.

Judges HEDRICK and MITCHELL concur.