H. V. ALLEN COMPANY, INC. v. QUIP-MATIC, INC., D/B/A ROCKFORD SANITARY SYSTEMS

No. 7918SC869

(Filed 3 June 1980)

1. **Constitutional Law § 24.7– foreign corporation – contract not made in N.C. – no personal jurisdiction**

    G.S. 55–145(a) was inapplicable to give the trial court *in personam* jurisdiction over defendant, an Illinois corporation, when the statute provided for jurisdiction of any cause of action arising out of a contract made in N. C.;

Allen Co. v. Quip-Matic, Inc.

plaintiff alleged that a binding contract was entered into, but defendant vigorously denied any contract; and it therefore could not be stated that a contract was made at all.

2. **Constitutional Law § 24.7– foreign corporation – insufficient minimum contacts – no personal jurisdiction**

In an action to recover against defendant, a foreign corporation, for an alleged breach of an oral contract, defendant had insufficient minimum contacts with North Carolina to justify personal jurisdiction over it where defendant had neither offices nor property in N. C.; over a period of sixteen months it filled orders for six N. C. companies for a total value of only $6200; title to this equipment passed in Illinois, the orders having been accepted in that state and f.o.b. delivery made to common carriers in that state; defendant never sent employees to N.C.; defendant did not advertise for business in N. C.; defendant had made, prior to this lawsuit, only seven long distance phone calls to N.C. and had corresponded with three firms in N.C.; and defendant's written contract with a company in Charlotte making that company defendant's manufacturer's representative in N. C. and S. C. did not establish the company as defendant's agent, and defendant had very little contact with the Charlotte company.

Judge HILL concurring in result.

APPEAL by plaintiff from *Collier, Judge*. Cross-assignment of error by defendant. Order and judgment entered 11 June 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 20 March 1980.

Plaintiff, a North Carolina corporation, began this action on 27 July 1977, alleging a breach by defendant of an oral contract to sell equipment and, as a separate claim, plaintiff's justifiable reliance on defendant's oral offer and quotation to supply the equipment. Defendant, an Illinois corporation, is a supplier of pumps and oil separators. Plaintiff is a mechanical contractor who, in connection with a United States government construction project to be performed in Memphis, Tennessee, was provided with price information from defendant on certain of its equipment in January 1977. Plaintiff submitted a bid on the project based upon the oral quotation given by defendant. In late February plaintiff was formally awarded the contract, but when it submitted its purchase order to defendant, defendant refused to supply the equipment at the quoted price. Plaintiff was required to purchase from another supplier at a higher price and was damaged in the amount of $21,252.59.

On 30 August 1978 defendant filed a motion to dismiss for lack of jurisdiction over the person of the defendant. Plaintiff then filed written interrogatories seeking to discover the extent of defendant's activities in North Carolina. Defendant filed further dismissal motions and an answer denying any agreement or promise as alleged by plaintiff, admitting that immediately upon receipt of plaintiff's purported purchase order it notified plaintiff of its objections to the contents, and alleging the defense of the statute of frauds under the Uniform Commerical Code, N.C.G.S. 25-2-201. At the same time defendant moved for summary judgment, expressly reserving its motion to dismiss. On 11 June 1979 Judge Collier, on the basis of the pleadings, interrogatories and affidavits of both parties, denied defendant's motion to dismiss for lack of personal jurisdiction but granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted and motion for summary judgment. Plaintiff appeals from this judgment and defendant cross-assigns error to the order denying its jurisdictional motion.

*Block, Meyland & Lloyd, by Michael R. Pendergraft, for plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Edward C. Winslow III and Paul E. Marth, for defendant appellee.*

*Miller, Johnston, Taylor & Allison, by John B. Taylor and James W. Allison, for Associated General Contractors of America, Carolinas Branch, amicus curiae.*

MARTIN (Harry C.), Judge.

It is unnecessary that we reach the interesting substantive question posed by plaintiff on this appeal: Is the defendant estopped to plead the Uniform Commercial Code statute of frauds, N.C.G.S. 25-2-201, in this construction bid case? We must address the jurisdictional issue raised on defendant's cross-assignment of error first, and in so doing we find that the trial court erred in not granting defendant's motion to dismiss for lack of *in personam* jurisdiction over it, a foreign corporation not doing business in North Carolina.

[1]  Plaintiff contends that either N.C.G.S. 55–145(a) or N.C.G.S. 1–75.4(1)d confers personal jurisdiction over defendant, an Illinois corporation. N.C.G.S. 55–145(a) provides as follows:

> Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:
>
> (1)  Out of any contract made in this State or to be performed in this State; or
>
> (2)  Out of any business solicited in this State by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the State; or
>
> (3)  Out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers; or
>
> (4)  Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

This section confers jurisdiction over a cause of action arising out of four specific and well-delineated activities. "If one of these four activities is present but the cause of action arises elsewhere, or if none of the four activities is present although others may be present, there is no jurisdictional grant." *Bowman v. Curt G. Joa, Inc.*, 361 F. 2d 706, 714 (4th Cir. 1966), on appeal from Western District of North Carolina. The only possible subsection which might apply in the instant case is subsection (1). Yet the record fails to show that a contract was ever

Allen Co. v. Quip-Matic, Inc.

made in North Carolina between plaintiff and defendant. Plaintiff certainly alleged that a binding contract was entered into, but defendant vigorously denied any contract. It cannot be conclusively stated that a contract was made at all, and therefore this subsection is inapplicable.

With this ruling we turn to the question whether N.C.G.S. 1–75.4(1)d is applicable.

N.C.G.S. 1–75.4(1)d confers jurisdiction over defendant upon a court in North Carolina having subject matter jurisdiction as follows:

> (1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
>
> . . . .
>
> d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

Our Supreme Court, although taking note of the phrase "substantial activity," has held that N.C.G.S. 1–75.4(1)d grants the courts of North Carolina the opportunity to exercise jurisdiction over a foreign corporation to the extent allowed by due process.

> By the enactment of G.S. 1–75.4(1)(d), it is apparent that the General Assembly intended to make available to North Carolina courts the full jurisdictional powers permissible under federal due process. *See* 1 McIntosh, North Carolina Practice and Procedure § 937.5 (Supp. 1970). Thus, we hold that G.S. 1–75.4 (1)(d) applies to defendant and, statutorily, grants the courts of North Carolina the opportunity to exercise jurisdiction over defendant to the extent allowed by due process.

*Dillion v. Funding Corp.*, 291 N.C. 674, 676, 231 S.E. 2d 629, 630–31 (1977). Therefore, the first step of the requisite "two-fold determination" has been met; the statutes of North Carolina permit courts of this jurisdiction to entertain this action against defendant. *Id.* But has the second step been met? Would due process of law be violated by permitting the courts of North Carolina to exercise their power over defendant? *Id.*

In *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945), the United States Supreme Court stated:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

Our Supreme Court, although noting the trend toward expansion of personal jurisdiction over nonresidents, has echoed the decision in *International Shoe:* "Unless a nonresident defendant has had 'minimum contacts' with the forum state, that state may not exercise jurisdiction over him." *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 705, 208 S.E. 2d 676, 679 (1974). Quoting from *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298 (1958), the Court went on to state that "[a]pplication of the 'minimum contacts' rule 'will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " 285 N.C. at 705, 208 S.E. 2d at 679. In a very recent decision of the Supreme Court of North Carolina, it was reiterated: "Absent such purposeful activity by defendant in the forum State, there can be no contact with the forum State sufficient to justify personal jurisdiction over defendant." *Buying Group, Inc. v. Coleman*, 296 N.C. 510, 515, 251 S.E. 2d 610, 614 (1979).

[2] The determination of the existence of minimum contacts depends upon the particular facts of each case. *Chadbourn, Inc. v. Katz, supra.* The order of the trial court denying defendant's motion to dismiss for lack of personal jurisdiction contained no findings of fact or conclusions of law. Absent request by a party the court had no duty to make such findings, Rule 52(a)(2), N.C.R. Civ. Proc., and the record reveals no such request. Although the presumption is that the court on proper evidence found facts to support its order, *Leasing Corp. v. Equity Associates,* 36 N.C. App. 713, 245 S.E. 2d 229 (1978), the record may clearly reveal that the court erroneously drew legal conclusions from these facts. We hold that based on the interrogatories and answers that are part of the record, defendant had insufficient minimum contacts to justify personal jurisdiction over it.

Defendant has neither offices nor property in North Carolina. Over a period of sixteen months, it filled orders for six North Carolina companies for a total value of only $6,200. Title to this equipment passed in Illinois, the orders having been accepted in that state and f.o.b. delivery made to common carriers in that state. Defendant never sent employees to North Carolina; neither did it advertise for business in North Carolina. Defendant had made, prior to the initiation of this lawsuit, only seven long-distance telephone calls to North Carolina and had corresponded with three firms in North Carolina.

Defendant does have a written contract with Quality Plumbing Products, Inc. of Charlotte, North Carolina, making it defendant's manufacturer's representative in North Carolina and South Carolina. This contract, however, is not the source of the cause of action in this lawsuit. Quality Plumbing does not operate under the name of defendant. It neither takes orders in defendant's name nor collects funds as an agent of defendant. Defendant has sent equipment to Quality for sale on a consignment basis for a ten-percent commission. This arrangement does not establish that Quality is defendant's agent. *Lindsey v. Leonard.* 235 N.C. 100, 68 S.E. 2d 852 (1952). Quality has actually sold only five units for a total value of $990 between March 1976 and July 1977. Quality does need defendant's approval before extending credit to purchasers. Defendant has sent sales materials to its manufacturer's representative.

We think this activity on defendant's part is *de minimis* and insufficient to justify personal jurisdiction over it. The contact with North Carolina is parallel to that of the defendant Delaware corporation in *Putnam v. Publications*, 245 N.C. 432, 96 S.E. 2d 445 (1957), and in that case insufficient minimum contacts were found to confer personal jurisdiction. Defendant sold its publications to eighteen independent wholesale news dealers in North Carolina by delivering to common carriers in other states. Defendant made no attempts to control the policy of the independent dealers, except for general suggestions. Defendant did not advertise in North Carolina; it had no place of business in North Carolina; it neither owned, leased, nor controlled any property in this state. It did employ three persons as sales promotion representatives who travelled within North Carolina. It also gave credit to the dealers for unsold copies. The Court found these activities incidental and casual, and held it would not be reasonable and just under the notions of fair play for the courts of North Carolina to have personal jurisdiction over defendant.

Plaintiff relies on several cases in which sufficient contacts were found to justify personal jurisdiction. These cases are clearly distinguishable.

In *Byham v. House Corp.*, 265 N.C. 50, 143 S.E. 2d 225, 23 A.L.R. 3d 537 (1965), defendant Tennessee corporation solicited, by mail and newspaper ads, franchise owners in North Carolina. Plaintiff, a North Carolina resident, entered into a contract with defendant to purchase a franchise for an eating establishment in Durham. Defendant dictated all menus and equipment and had a right to examine all books and records; it could also inspect at any time. Plaintiff was to adhere to defendant's advertising policy, and defendant sent a representative to North Carolina to assist in locating plaintiff's franchise. The Court held that by its actions, defendant purposefully availed itself of the privilege of conducting activities in North Carolina and invoked the benefits and protection of her laws. This cause of action had been brought by plaintiff, alleging a breach of this contract with defendant.

In *Goldman v. Parkland*, 277 N.C. 223, 176 S.E. 2d 784 (1970), plaintiff brought suit on a written contract with a Texas corporation whereby plaintiff was to act as manufacturer's representative for defendant in North Carolina and other southeastern states. The Court found the contract in question met the requirement of "substantial connection" with North Carolina.

Defendant in *Byrum v. Truck & Equipment Co.*, 32 N.C. App. 135, 231 S.E. 2d 39 (1977), was a Florida corporation that manufactured trailers, titled them in the name of a North Carolina corporation, and invoiced them to the North Carolina corporation. The North Carolina corporation provided plans for the manufacture of the trailers. The Court held that these transactions between the two corporations met the requirement of " 'some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, invoking the benefits and protection of its laws.' " *Id.* at 138-39, 231 S.E. 2d at 41. In an action by a North Carolina resident to recover for defects in a log trailer purchased from the North Carolina corporation, the defendant had filed a third-party complaint against the Florida corporation, and personal jurisdiction was found to exist.

In *Leasing Corp. v. Equity Associates, supra*, a lease of televisions and an assumption agreement which gave rise to the action were contracts made in North Carolina. Defendants were Texas corporations. The Court found sufficient minimal contacts in the ongoing contractual relations and obligations between plaintiff and defendants. Plaintiff shipped televisions from its North Carolina warehouse, and monthly rentals under the lease were mailed to plaintiff's offices in North Carolina. An additional factor noted by the Court was that the lease expressly provided that North Carolina law would govern in case a dispute arose over the lease.

We note that in a recent decision of the Court of Appeals, *Parris v. Disposal, Inc.*, 40 N.C. App. 282, 253 S.E. 2d 29, *disc. rev. denied, appeal dismissed*, 297 N.C. 455, 256 S.E. 2d 808 (1979), the crucial facts which influenced the Court's finding personal

jurisdiction over defendant foreign corporation were that defendant had phone listings in the directories of five North Carolina cities, indicating a toll-free number in Connecticut and general agents to contact within various North Carolina cities, defendant had made mailings into the state, issues of its magazines had been received in North Carolina, and an insurance policy from defendant had been mailed to a named person in an envelope with defendant's tradename on it.

The Court in *Parris* distinguished *Putnam* and noted "that the reason courts refuse to uphold the exercise of jurisdiction over nonresident publishers is because of fear of undue burdens imposed upon multi-state publishers of defending suits in distant states when weighed against a need to provide plaintiffs with a convenient forum." 40 N.C. App. at 290, 253 S.E. 2d at 34. It then stated that this rationale does not apply "where foreign corporations launch massive campaigns seeking to influence jury verdicts in our State." *Id.* The instant case contains no such special situation, and even though defendant is not a nonresident publisher, we think *Putnam* is controlling.

We hold that defendant had insufficient minimum contacts with North Carolina, on the facts of this case, to justify the assertion of personal jurisdiction over it. The trial court therefore erred in not granting defendant's motion to dismiss for lack of personal jurisdiction. With this holding, we do not reach the question whether summary judgment for defendant was proper.

The result is: plaintiff's action is dismissed for lack of jurisdiction over defendant. The court's dismissal of plaintiff's action is therefore

Affirmed.

Judge PARKER concurs.

Judge HILL concurs in the result.

Judge HILL concurring in the result:

In my opinion, the trial judge was correct in denying the defendant's motion to dismiss for lack of personal jurisdiction under the facts of this case. There were sufficient minimum contacts. I conclude further that the trial judge was correct in granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted and the motion for summary judgment.