GENERAL TIME CORPORATION v. EYE ENCOUNTER, INC.

No. 8026SC555

(Filed 3 February 1981)

**Process § 14.4— foreign corporation — contract made and performed in N. C. — in personam jurisdiction**

 In plaintiff's action to recover the balance of payments allegedly due it by defendant, a California corporation, for goods shipped from plaintiff's manufacturing plant in N. C., the trial court did not err in denying defendant's motion to dismiss for lack of *in personam* jurisdiction since the evidence tended to show that defendant, from its California office, made an offer to purchase goods from plaintiff by telex directed to plaintiff's facility in Davidson, N. C.; that communication specifically directed plaintiff to confirm the acceptance of the terms of the

agreement by return wire; plaintiff responded by return wire, agreeing with all terms included in defendant's telex with the exception of the warranty; defendant then sent plaintiff a purchase order and forwarded a check for $1000 to plaintiff accompanied by a letter stating that defendant was pleased to be doing business with plaintiff; both parties considered themselves to have executed a contract; plaintiff shipped goods from N. C. to defendant in California, some of which were returned to plaintiff in N. C. for repair; and such evidence was sufficient to show that a contract was made in this State so that defendant had sufficient contacts with N. C. to subject it to suit here.

APPEAL by defendant from *Burroughs, Judge.* Order filed 25 February 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 January 1981.

Plaintiff commenced this suit to recover the balance of payments allegedly due it by defendant, a California corporation, for goods shipped from plaintiff's manufacturing plant in North Carolina. Plaintiff's complaint, as amended, asserts *in personam* jurisdiction over defendant by virtue of N.C.G.S. 55-145(a)(1) and N.C.G.S. 1-75.4(5)(a) and (d), alleging, *inter alia,* that a contract for purchase of the goods was made and substantially performed in North Carolina. Defendant was served by certified mail, return receipt requested, and received actual notice of the action.

Defendant moved to dismiss the complaint on the ground that the court lacks *in personam* jurisdiction. Both parties submitted affidavits. Upon hearing, Judge Burroughs denied defendant's motion, ruling that the court has statutory basis for jurisdiction over the person of defendant. On request by defendant, the court entered findings of fact, including:

> 4. Prior to September 30, 1977, William J. Schmitz, Marketing Manager of the Precision Products and Parts Division of plaintiff, and Brad Smith, the western regional sales engineer of the plaintiff, discussed personally, and by telephone, with officers of the defendant the possible purchase of battery movements by defendant from plaintiff. In one or more of these conversations, Mr. Schmitz informed the officers of defendant that the battery movements in question would be manufactured by plaintiff in its plant in Davidson, North Carolina, and invited representatives of the defendant to come to North Carolina to tour and inspect the plant prior to entering into a purchase agreement.

5. On September 29, 1977, defendant directed a telex to plaintiff at its facility in Davidson, North Carolina, which telex was an offer to purchase battery movements from the plaintiff according to the terms and conditions set forth therein. Defendant's telex to the plaintiff specifically set forth the manner of acceptance by plaintiff as follows: "Seller shall confirm the acceptance of the terms and conditions of this agreement by return wire."

6. On September 30, 1977, plaintiff accepted defendant's offer by sending a telex or telegraph message from its office in Davidson, North Carolina to the defendant, which message was received immediately by the Western Union Telegraph system, to-wit: 12:15 p.m. Eastern Standard Time on September 30, 1977.

7. The sending of the reply telex or telegraph on September 30, 1977 by plaintiff from its office at Davidson, North Carolina was the final act necessary to make a binding contractual obligation between the parties, and that consequently, the contract between the parties was made in the state of North Carolina.

8. On September 30, 1977, defendant directed to plaintiff at its Davidson, North Carolina facility a letter enclosing a check for $1,000.00 (as previously agreed in defendant's telex offer), and stated therein:

"We are pleased to be doing business with your company and are looking forward to a mutually prosperous relationship. Enclosed please find check from our company which will act as consideration for the agreement made by exchange of wires on September 29th and 30th."

9. Subsequently, defendant directed a written purchase order to plaintiff at its Davidson, North Carolina facility, and sent the same by way of United States mail to plaintiff at its Davidson, North Carolina facility, which purchase order was identical to defendant's original telex offer, except that it acknowledged plaintiff's acceptance of such telex offer by reply telex as follows:

"NOTE: Seller confirmed the acceptance of the

terms and conditions by return wire."

10. On several occasions prior to the actual sale and delivery of battery movements, plaintiff received from defendant letters directed to it at its Davidson, North Carolina facility, which letters demonstrate defendant's contemplation and knowledge that the battery movements in question would be manufactured by plaintiff in Davidson, North Carolina.

. . . .

13. That defendant by virtue of its dealings with the plaintiff as set forth in the affidavits before this Court, promised to pay for services to be performed in the State of North Carolina by the plaintiff, to-wit: the manufacture of battery movements.

The court concluded that it has jurisdiction pursuant to the provisions of N.C.G.S. 55-145(a)(1) and N.C.G.S. 1-75.4(5)(a) and (d), and that exercise of *in personam* jurisdiction does not violate due process principles, as defendant has sufficient minimum contacts with this state. Defendant appeals the denial of its motion to dismiss.

*DeLaney, Millette, DeArmon and McKnight, by Ernest S. DeLaney, III, for plaintiff appellee.*

*Kennedy, Covington, Lobdell & Hickman, by Charles V. Tompkins, Jr., and Joseph B.C. Kluttz, for defendant appellant.*

MARTIN (Harry C.), Judge.

The sole issue raised on this appeal is whether the trial court erred in denying defendant's motion to dismiss for lack of *in personam* jurisdiction. Defendant contends that the court's conclusions sustaining jurisdiction are based on erroneous conclusions of law, unsupported by findings of fact based on the evidence presented. The crux of defendant's argument is that no contract was made in this state, and absent such a contract, defendant has insufficient contacts with North Carolina to subject it to suit here.

N.C.G.S. 55-145(a) provides the basis for jurisdiction over foreign corporations, which are not transacting business in this state, under four delineated circumstances:

(a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

    (1) Out of any contract made in this State or to be performed in this State; or

    (2) Out of any business solicited in this State by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the State; or

    (3) Out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers; or

    (4) Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

It has been noted: "If one of these four activities is present but the cause of action arises elsewhere, or if none of the four activities is present although others may be present, there is no jurisdictional grant." *Bowman v. Curt G. Joa, Inc.*, 361 F.2d 706, 714 (4th Cir. 1966). *See also Allen Co. v. Quip-Matic, Inc.*, 47 N.C. App. 40, 266 S.E.2d 768 (1980). While the mere act of entering into a contract with a North Carolina resident does not constitute the necessary minimum contacts for the exercise of jurisdiction over a nonresident, *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 265 S.E.2d 476 (1980), a single contract which was *made* or *was to be performed* in this state is sufficient to subject a nonresident corporation to suit under N.C.G.S. 55-145(a)(1). *Goldman v. Parkland*, 7 N.C. App. 400, 173 S.E.2d 15, *aff'd*, 277 N.C. 223, 176 S.E.2d 784 (1970). *Accord, Leasing Corp. v. Equity Associates*, 36 N.C. App. 713, 245 S.E.2d 229 (1978); *Equity Associates v. Society for Savings,*

31 N.C. App. 182, 228 S.E.2d 761 (1976), *disc. rev. denied,* 291 N.C. 711, 232 S.E.2d 203 (1977); *Chadbourn, Inc. v. Katz,* 21 N.C. App. 284, 204 S.E.2d 201, *aff'd,* 285 N.C. 700, 208 S.E.2d 676 (1974).

In *Goldman, supra,* this Court reaffirmed the constitutionality of N.C.G.S. 55-145(a)(1) and stated: "[W]here it is found that the contract was made in North Carolina or was to be performed in North Carolina, a sufficiently substantial contact to confer jurisdiction on the North Carolina courts has been established." 7 N.C. App. at 406, 173 S.E.2d at 20. In *Goldman,* the defendant had sent a letter to the plaintiff, a North Carolina resident, which set forth terms of a contract for the plaintiff to act as manufacturer's representative for the defendant. The letter provided that, if the terms were agreeable, the plaintiff should sign and return the original letter. The plaintiff's so doing was held to be the final act necessary to create a binding obligation and the contract was thus held to have been made in this state. Judge Hedrick, speaking for this Court, stated:

> For a contract to be made in North Carolina, it must be executed in North Carolina, that is, "the final act necessary to make it a binding obligation must be done in the forum state." [Citations omitted.] The final act in the present case which was necessary to make the agreement a binding obligation, and therefore, a contract, was the depositing of the letter containing the signature of Artie W. Goldman in the mail.

7 N.C. App. at 407-408, 173 S.E.2d at 21. In affirming this decision, our Supreme Court stated: "In the instant case the contract in question clearly met the requirement of 'substantial connection' with North Carolina. It was made in this State." 277 N.C. at 229, 176 S.E.2d at 788. Justice Moore further noted:

> [B]y entering into a contract made in North Carolina and to be performed in part in North Carolina, the defendant availed itself of the privilege of conducting its business in this State thus invoking the benefits and protection of its laws, and clearly the North Carolina Legislature, by the express words of the statute authorizing such service on a foreign corporation when the contract was made in North Carolina, sought to give to its courts the power to assert jurisdiction over nonresident defendants to the full extent permitted by the due process requirement.

*Id.* at 229-30, 176 S.E.2d at 788-89.

The question remaining in the instant case, then, is whether the findings of fact are based upon evidence in the record and whether they support Judge Burroughs' conclusion that the contract was made in North Carolina. "For a contract to be made in North Carolina, the final act necessary to make it a binding obligation must be done here." *Realty Corp. v. Savings & Loan Assoc.*, 40 N.C. App. 675, 677, 253 S.E.2d 621, 624, *disc. rev. denied, appeal dismissed,* 297 N.C. 612 (1979), *appeal dismissed,* 444 U.S. 1061, 62 L. Ed. 2d 744 (1980). *Accord, Bundy v. Commercial Credit Co.,* 200 N.C. 511, 157 S.E. 860 (1931); *Leasing Corp., supra; Goldman, supra.* The record reveals that defendant, from its California office, made an offer to purchase goods from plaintiff by telegraph, or telex, directed to plaintiff's facility in Davidson, North Carolina. That communication specifically directed plaintiff to "confirm the acceptance of the terms and conditions of this agreement by return wire." Plaintiff responded: "Consider this telex a confirmation of your telex of 9-30-77. We agree with all terms included in your telex with the exception of the warranty. Our warranty is 18 months maximum. Cannot accept the 14 months from date of delivery." Defendant then sent plaintiff a purchase order identical to the original order except for this additional notation at the bottom: "NOTE: Seller confirmed the acceptance of the terms and conditions by return wire." Defendant forwarded a check for $1,000 to plaintiff, accompanied by a letter stating: "We are pleased to be doing business with your company and are looking forward to a mutually prosperous relationship. Enclosed please find check from our company which will act as consideration for the agreement made by exchange of wires on September 29th and 30th."

Despite defendant's affidavits to the contrary, there is ample evidence in the record demonstrating that both parties considered themselves to have executed a contract. Plaintiff shipped goods from North Carolina to defendant in California, some of which were returned to the plaintiff in North Carolina for repair. In its affidavits and its brief on appeal, defendant repeatedly refers to the "contract" in question, submitting that the contract was executed in California. We cannot accept defendant's argument that no valid contract was formed because of the variance in warranty terms. We find that plaintiff's wire constituted a "definite and seasonable expression of acceptance" under N.C.G.S. 25-2-207. *See Realty*

*Corp., supra.* The Official Comment to N.C.G.S. 25-2-207 states:

> 2. Under this Article a proposed deal which in commercial understanding has in fact been closed is recognized as a contract. Therefore, any additional matter contained either in the writing intended to close the deal or in a later confirmation falls within subsection (2) and must be regarded as a proposal for an added term unless the acceptance is made conditional on the acceptance of the additional terms.

> 3. Whether or not additional or different terms will become part of the agreement depends upon the provisions of subsection (2). If they are such as materially to alter the original bargain, they will not be included unless expressly agreed to by the other party. If, however, they are terms which would not so change the bargain they will be incorporated unless notice of objection to them has already been given or is given within a reasonable time.

The variance in warranty terms does not invalidate the entire contract, and the effect of that variance, with respect to which term controls, is not an issue presently before this Court. We hold that the evidence in the record supports the trial court's findings of fact and conclusions of law.

Defendant further argues that jurisdiction cannot be sustained under N.C.G.S. 55-145(a)(1) because the trial court made no finding of fact that the cause of action arose in this state, citing *R.R. v. Hunt & Sons, Inc.*, 260 N.C. 717, 133 S.E.2d 644 (1963); *Dillon v. Funding Corp.*, 29 N.C. App. 513, 225 S.E.2d 137 (1976), *rev'd on other grounds*, 291 N.C. 674, 231 S.E.2d 629 (1977); *Rendering Corp. v. Engineering Corp.*, 10 N.C. App. 39, 177 S.E.2d 907 (1970); and several federal cases. None of these cases involved a contract made in North Carolina. Furthermore, in *Equity Associates, supra* at 186, 228 S.E.2d at 763, this Court commented that "the broad assertion in *Dillon* that G.S. 55-145 applies only to a cause of action arising in North Carolina is dictum," as *Dillon* concerned a contract neither made nor performed in this state. In any case, it is apparent from the complaint that the present cause of action is based upon the contract discussed above.

The constitutionality of applying N.C.G.S. 55-145(a)(1) when a

contract was made in this state has been discussed at length by our Courts in numerous prior cases. *E.g., Byham v. House Corp.,* 265 N.C. 50, 143 S.E.2d 225, 23 A.L.R.3d 537 (1965); *Realty Corp., supra; Leasing Corp., supra; Equity Associates, supra.* We will refrain from repeating those principles. The facts disclosed by the record come within the above holdings. In light of our decision that the contract was made in North Carolina, it is unnecessary to discuss the additional statutory grounds on which plaintiff asserts jurisdiction over defendant.

Affirmed.

Chief Judge MORRIS and Judge WHICHARD concur.