**58**

David Grover JAEHNING and Mattie Williard Jaehning, Plaintiffs,

v.

Roger W. SCHONER, Jon P. Tice, William G. Hillsman, Willis A. Ostrem, Roger W. Brown and Gustave Brown and Associates, Inc., Defendants.

No. C–81–251–S.

United States District Court, M.D. North Carolina, Salisbury Division.

Nov. 19, 1982.

G. Emmett McCall and Margaret D. Walden, of G. Emmett McCall, Winston-Salem, N.C., for plaintiffs.

C. Edwin Allman and C. Edwin Allman, III, of Allman, Spry, Humphreys & Armentrout, Winston-Salem, N.C., for defendants.

## ORDER

HIRAM H. WARD, Chief Judge.

This matter is before the Court on defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, In the Alternative, to Transfer (July 31, 1981).[1] Defendants basically contend that neither North Carolina long arm statutes nor due process authorize this Court's exercise of personal jurisdiction over them. The Court concludes that consolidation pursuant to Fed.R.Civ.P. 42(a) is an appropriate course as a matter of convenience and economy to the parties and the Court. However, the Court will grant defendants' motion in part.

This action, a diversity case, 28 U.S.C. § 1332, arises out of negotiations among the parties for the sale of land and personal property in Jamaica (the property). Plaintiffs seek a declaratory judgment as to the parties' rights under a written Offer to Purchase.[2] Defendants Schoner, Tice, Hillsman and Ostrem were the purported purchasers, the Jaehnings the sellers, and defendants Brown and Gustave Brown and

---

1. Plaintiff Mattie W. Jaehning has moved on September 3, 1982, to have her name as executrix of the estate of David G. Jaehning substituted for plaintiff David G. Jaehning. Defendants have filed no response.

2. Defendants contend that it is an Offer to Sell, despite language used in the document, in light of the chain of events during the negotiations.

Associates, Inc. (GB & A) the brokers.[3] Plaintiffs seek a declaration that the Offer to Purchase does not constitute a binding contract between them and the purchasers, that Brown and GB & A are not entitled to a commission, and that they, the plaintiffs, may deal freely with the property. Complaint (June 8, 1981). In an Amendment to Complaint (September 3, 1982) plaintiffs claim that Brown and GB & A breached a fiduciary duty to plaintiffs by acting on behalf of and for the interest of the purchasers. In this Amendment plaintiffs request the relief mentioned above or recovery of the difference between the purchase price ($113,000) and the property's fair market value and denial of any commission to Brown and GB & A.

The Court earlier scheduled this motion and a motion by plaintiffs to enjoin parallel federal and state court actions in Illinois for a hearing on December 21, 1981. Defendants Schoner, Tice, Hillsman, and Ostrem brought the Illinois federal court action against the Jaehnings seeking specific performance of the alleged contract to sell the land or damages. GB & A brought the Illinois state court action seeking recovery of the $8,000 commission provided in the Offer to Purchase and $2,000 in expenses or damages. In an effort to avoid waste of judicial time this Court stayed this action pending resolution of similar motions before the federal court in Illinois. Order of Stay (December 10, 1981). On December 28, 1981, the Illinois federal court ordered its case transferred to this district. The transferred case is *Schoner v. Jaehning,* C–82–770–S. On January 6, 1982, the Illinois state court dismissed GB & A's action for lack of personal jurisdiction over the Jaehnings. In light of these developments the Court lifted the stay. Order (August 24, 1982). At oral argument on November 17, 1982, counsel advised the Court that GB & A filed an action in the Superior Court of Davie County, North Carolina, seeking recovery of commissions owing under the Offer to Purchase.

At oral argument counsel agreed that the enforceability or validity of the Offer of Purchase signed by the plaintiffs and the purchasers in January, 1981, controls the rights of all parties. Hence, consolidation of the two cases pending in this Court appears to be most appropriate. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2382 (1971). The Court unquestionably has personal jurisdiction over the purchasers in the action in which they are plaintiffs, although that jurisdiction is technically lacking in the present action in which they are defendants. *See* footnote 4. While neither Brown nor GB & A are parties in the action brought by the purchasers, the Court concludes that they have such minimum contacts with the forum state that the exercise of personal jurisdiction over them in the action brought by plaintiffs would not offend traditional notions of fair play.[4] Upon consolidation of the two

---

**3.** Schoner, Tice, Hillsman, and Ostrem, all residents of Illinois, joined together in a partnership to buy the property. Brown was the vice-president of GB & A. GB & A is a Delaware corporation with its principal place of business in Illinois.

**4.** At oral argument defendants' counsel refused to waive this challenge to personal jurisdiction despite the overall economy, as well as the practical effect, of consolidation. Since consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another," *Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331, 1345 (1933), the Court will address the minimum contacts issues. The starting point of this analysis is that the defendants' contacts with the forum state must be such that prosecution of the action here would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). Personal jurisdiction can be exercised over defendants under North Carolina's long arm statute if that exercise does not violate due process. *Fieldcrest Mills, Inc. v. Mohasco Corp.,* 442 F.Supp. 424 (M.D.N.C.1977).

The facts presented in the parties' affidavits show that Brown (and GB & A) requested of plaintiffs, and was granted, permission to seek purchasers for the Jamaican property. Brown became plaintiffs' agent or broker. Brown's efforts, although apparently not steady or continuous, involved numerous contacts over an extended period of time with plaintiffs in North Carolina by telephone and mail culminating in

actions the Court may exercise personal jurisdiction over all the parties in one litigation which will be dispositive of all issues.

IT IS, THEREFORE, ORDERED that defendants' motion to dismiss for lack of personal jurisdiction is hereby GRANTED as to defendants Schoner, Tice, Hillsman, and Ostrem and is DENIED as to defendants Brown and Gustave Brown and Associates, Inc.

IT IS FURTHER ORDERED that defendants' motion to transfer be, and the same hereby is, DENIED.

IT IS ORDERED pursuant to Fed.R. Civ.P. 42(a) that this action, *Jaehning v. Schoner,* C–81–251–S, and *Schoner v. Jaehning,* C–82–770–S, be, and the same hereby are, CONSOLIDATED.

the Offer of Purchase. This document provides for the payment of commissions by plaintiffs to Brown. Brown and GB & A, through Brown, had substantial contacts with the forum making the exercise of personal jurisdiction proper. *McCoy Lumber Industries, Inc. v. Neidermeyer-Martin Co.,* 356 F.Supp. 1221 (M.D.N.C.1973).

The purchasers' contacts with the forum do not amount to sufficient minimum contacts. Plaintiffs' agent, Brown, solicited them in November, 1980, in Illinois regarding purchasing the property. The purchasers accepted plaintiffs' counteroffer in Illinois relayed through Brown. The Offer of Purchase, the contract, was made in Illinois. *Telerent Leasing Corp. v. Equity Associates, Inc.,* 36 N.C.App. 713, 717, 245 S.E.2d 229, 232 (1978). The contract alone does not establish sufficient minimum contacts inasmuch as there is no evidence that the purchasers purposefully availed themselves of the privilege of conducting activities within the forum state. *Kimbrel v. Neiman-Marcus,* 665 F.2d 480, 482 (4th Cir.1981); *United Buying Group, Inc. v. Coleman,* 296 N.C. 510, 518, 251 S.E.2d 610, 616 (1979); *Pope v. Pope,* 38 N.C. App. 328, 331, 248 S.E.2d 260, 262 (1978).