JOSEPH J. ANDRIS, III v. LYNDA B. ANDRIS

No. 8218DC1273

(Filed 20 December 1983)

**1. Domicile § 1— showing required**

    In order to establish a domicile, a party must make a showing of both actual residence in the new locality and the intent to remain there permanently.

**2. Divorce and Alimony § 1.1— action for divorce—sufficient evidence of domicile**

    The trial court in a divorce action properly found that plaintiff, a member of the United States Navy, is domiciled in North Carolina, although plaintiff does not own any real estate in North Carolina and does not maintain a separate residence in this State apart from that of his father, where the evidence showed that plaintiff changed his permanent address with the Navy to his father's address in Greensboro as of 1 August 1981; plaintiff changed his voter registration from Pennsylvania to Guilford County; plaintiff filed a North Carolina income tax return for the year 1981; plaintiff opened a bank account in Greensboro in August 1981 and has maintained it since that time; plaintiff has resided at his father's house whenever on leave from the Navy; plaintiff has changed the registration of his motor vehicle from Pennsylvania to North

Carolina and has paid North Carolina property taxes; and plaintiff has severed all ties with the State of Pennsylvania.

**3. Divorce and Alimony § 1.1— divorce action—jurisdiction over defendant—erroneous finding of no significance**

   Although the trial court erred in concluding it had jurisdiction over defendant's person when there had been no finding that she had any contacts with North Carolina, such error was harmless since G.S. 50-6 permits a divorce action based on a year's separation to be maintained in this State when either the husband or the wife has resided in the State for a period of six months; and the court found that plaintiff husband had resided in this State for the required time.

APPEAL by defendant from *Cecil, Judge.* Judgment entered 17 September 1982 in District Court, GUILFORD County. Heard in the Court of Appeals 25 October 1983.

Defendant appeals from the trial court's order denying her motion to dismiss for lack of jurisdiction over the person and subject matter. Plaintiff, a medical doctor serving in the United States Navy, filed for absolute divorce on 16 March 1982 in Guilford County on the grounds of continuous separation for more than one year. Before beginning active duty in 1980, he had lived in Pennsylvania for approximately 29 years. Plaintiff and defendant were married on 2 October 1975 in Pennsylvania and continued to live there until their separation in October of 1979. Defendant continues to live in Pennsylvania and has never resided in North Carolina.

Plaintiff's father and stepmother have lived in North Carolina since May of 1980. In August of 1981, plaintiff informed the Navy that he desired to have his father's address in Greensboro as his permanent address. During that same month, plaintiff obtained a North Carolina driver's license, registered a motorcycle with the North Carolina Department of Motor Vehicles, registered to vote in Guilford County, and opened a bank account in Greensboro. Plaintiff has also filed a North Carolina income tax return since that time. Plaintiff does not own any real estate in North Carolina and does not maintain a separate residence in North Carolina, apart from that of his father. However, plaintiff comes to his father's home whenever he is granted leave from the Navy.

Defendant moved to dismiss plaintiff's complaint for lack of jurisdiction. Defendant contends, first, that plaintiff has failed to maintain a residence in North Carolina for at least six months prior to filing for a divorce as is required by G.S. 50-8 and, second, that there are insufficient minimum contacts between she and the State of North Carolina for the court to have properly obtained jurisdiction over her person. From the trial court's order denying that motion, defendant appeals.

*Greeson & Turner, by Joseph E. Turner, for defendant-appellant.*

*McNairy, Clifford & Clendenin, by Locke T. Clifford, for plaintiff-appellee.*

ARNOLD, Judge.

[1]  In an action for a divorce in this state, either the plaintiff or defendant must have been "a resident of the State of North Carolina for at least six months next preceding the filing of the complaint. . . ." G.S. 50-8. The word "resident" has been interpreted to mean the equivalent of "domicile." *Williams v. North Carolina,* 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). *See* Lee, North Carolina Family Law § 42 (1979). In order to establish a domicile, a party must make a showing of both actual residence in the new locality and the intent to remain there permanently. *State v. Williams,* 224 N.C. 183, 29 S.E. 2d 744 (1944).

[2]  In the case at bar, defendant contends that plaintiff has failed to establish a North Carolina domicile in that, although he may have the requisite intent, he has not proven actual residence in this state. We find that the trial court properly found that plaintiff is domiciled in North Carolina.

The evidence introduced at trial showed that: 1) plaintiff changed his voter registration from Pennsylvania to Guilford County, 2) plaintiff filed a North Carolina income tax return for the year 1981, 3) plaintiff changed his permanent address with the Navy to his father's address in Greensboro as of 1 August 1981, 4) plaintiff opened a bank account in Greensboro in August of 1981 and has maintained it since that time, 5) plaintiff has changed the registration of his motor vehicle from Pennsylvania to North Carolina and has paid North Carolina property taxes, 6) plaintiff

has resided at his parent's house whenever on leave from the Navy, and 7) plaintiff has severed all ties with the State of Pennsylvania. In short, plaintiff has done everything possible to establish a residence in North Carolina. The transient nature of his career with the United States Navy prohibits him from doing anything further.

Defendant cites the case of *Martin v. Martin*, 253 N.C. 704, 118 S.E. 2d 29 (1961), to support her contention that plaintiff has not established a residence in North Carolina. In that case the court found that evidence that a United States Army officer stationed in North Carolina, who had registered his car and paid income tax in North Carolina and had obtained a North Carolina driver's license, was not conclusive on the question of legal residence, but was sufficient to be submitted to the jury. In addition, the court held that, in determining domicile for divorce actions, "mere presence is insufficient." 253 N.C. at 709, 118 S.E. 2d at 33.

The court's holding in *Martin* does not preclude a finding that the trial court properly concluded that plaintiff was domiciled in North Carolina. Plaintiff has established more than mere presence in this state. A finding that he failed to meet North Carolina residency requirements would, in effect, penalize plaintiff for having chosen a military career, since he has done everything possible to make this state his actual residence. We hold that the trial judge properly found that plaintiff is domiciled in North Carolina.

[3] Defendant also contends that the trial court erred in concluding that it had jurisdiction over her person when there had been no finding that she had any contact with North Carolina. We agree that the court improperly found jurisdiction over defendant, but find that this error was insignificant in that G.S. 50-6 allows a divorce proceeding "on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the *plaintiff or defendant* in the suit for divorce has resided in the State for a period of six months." (Emphasis added.) *See Fleek v. Fleek*, 270 N.C. 736, 155 S.E. 2d 290 (1967).

We hold that the order of the trial court denying defendant's motion to dismiss is

Affirmed.

Judges HEDRICK and BECTON concur.