BRUCE PATRUM v. M. C. ANDERSON

No. 8418DC1016

(Filed 4 June 1985)

Process § 9.1— North Carolina plaintiff—Georgia defendant—agency contract for sale of racing equipment—no in personam jurisdiction

In an action to collect a commission for selling NASCAR racing equipment where plaintiff was a North Carolina resident and defendant a Georgia resident, defendant's motion to dismiss for lack of *in personam* jurisdiction should have been granted because there was no evidence to support findings that defendant could expect that plaintiff would exert effort and incur expenses in North Carolina in furtherance of his obligations under the agreement, that plaintiff did in fact exert effort and incur expenses in North Carolina, and that defendant conducted regular and systematic business in North Carolina. The fact that plaintiff is a resident of North Carolina does not necessarily mean that he performed or should have been expected to perform the agreement in North Carolina, and the fact that defendant on six occasions ordered souvenir caps or toy cars from plaintiff's company in North Carolina, occasionally came to North Carolina to watch auto races, and owned a racing team which entered cars in North Carolina races does not constitute regular and systematic business in North Carolina. G.S. 1-277(b), G.S. 1-75.4(1)(d), (5).

APPEAL by defendant from *Lowe, Judge.* Judgment entered 10 July 1984 in District Court, GUILFORD County. Heard in the Court of Appeals 7 May 1985.

This is an appeal from the trial judge's denial of defendant's motion to dismiss for lack of in personam jurisdiction.

The plaintiff is a resident of Guilford County, North Carolina, and the defendant is a resident of Chatham County, Georgia. The defendant owns M. C. Anderson Construction Company as a closely-held corporation. This company is authorized to do business in Georgia and South Carolina.

From 1976 until 1982, defendant was involved in NASCAR auto racing. In 1976, defendant organized a closely-held corporation called M. C. Anderson Racing, Inc. This company was organized under the laws of Georgia. Defendant was its principal shareholder. The company owned three race cars and entered various NASCAR races across the country. The defendant testified in his deposition that his company may have run cars in Charlotte and Rockington, but not in Rockingham or Wilkesboro. He testified that he personally attended races in Charlotte, Rockingham and North Wilkesboro.

On several occasions, defendant purchased souvenir hats and toy cars from plaintiff for the employees of his construction company.

In 1982 defendant decided he would get out of the racing business. Plaintiff, who was in North Carolina, telephoned him in Georgia to inquire whether he planned to sell his racing equipment. Plaintiff and defendant entered into an agreement, whereby plaintiff would receive a 10% commission if he could sell defendant's racing equipment. Defendant testified that plaintiff called him frequently, but never came up with a buyer.

A Mr. Raymond Beatle contacted defendant about buying the racing equipment. Defendant testified that Mr. Beatle had never met plaintiff and had not been sent to him by plaintiff. Defendant testified that he believed Mr. Beatle was from Texas. Defendant said he called plaintiff and confirmed that plaintiff had not been in touch with Mr. Beatle. Plaintiff claimed, however, that he deserved some or all of the 10% commission. Defendant denied that plaintiff had any right to a commission, since plaintiff had not found the buyer.

Plaintiff commenced an action to recover the commission in Guilford County, North Carolina. Defendant moved to dismiss for lack of in personam jurisdiction. The trial judge denied the motion to dismiss and defendant appeals.

*Hunter, Hodgman, Greene & Donaldson, by Robert N. Hunter, Jr., for plaintiff appellee.*

*Booth, Harrington, Johns & Campbell, by David B. Puryear, Jr., for defendant appellant.*

ARNOLD, Judge.

This case is properly before us pursuant to G.S. 1-277(b). It presents a single issue: whether the trial court correctly denied defendant's motion to dismiss for lack of in personam jurisdiction. We hold that the trial court erred and therefore we reverse.

The defendant first contends that the trial judge made several findings of fact which are not supported by any competent evidence in the record.

We agree that Findings of Fact 15 and 16 have no support in the record. In Finding of Fact 15, the trial court found that defendant could foresee and expect that plaintiff as his agent would exert effort and incur expenses in North Carolina in furtherance of his obligations under the agreement. In Finding of Fact 16 the trial judge found that the plaintiff, as defendant's agent, did exert efforts and incur expenses in North Carolina.

The record, however, contains no evidence as to where plaintiff searched for buyers, or that he gave defendant any indication that he would look in North Carolina. Defendant's testimony does not indicate that he had any expectation that plaintiff would look in North Carolina or knowledge that he did look there. The fact that plaintiff is a resident in North Carolina does not mean necessarily that he performed, or should have been expected to perform, the parties' agreement in North Carolina. Further, "the mere act of entering into a contract with a North Carolina resident does not constitute the necessary minimum contacts for the exercise of jurisdiction over a non-resident. . . ." *Time Corp. v. Encounter, Inc.*, 50 N.C. App. 467, 471, 274 S.E. 2d 391, 393 (1981). The eventual buyer, we note, was apparently from Texas.

We also agree that Findings of Fact 20 and 21 have no support in the record. Finding of Fact 20 states that:

M. C. Anderson conducted regular and systematic business under the protection of the laws of North Carolina with the Plaintiff.

Finding of Fact 21 states that:

M. C. Anderson conducts regular and systematic business under the protection of the laws of North Carolina in that M. C. Anderson Construction Company, a sole proprietor-

ship, in the normal course of its daily operations takes bids and conducts business with suppliers of construction equipment and construction supplies located in the State of North Carolina.

The record shows that on six occasions defendant ordered souvenir caps or cars from plaintiff's company in North Carolina, that defendant occasionally came to North Carolina to watch auto races, and that he owned a racing team which entered cars in North Carolina races. These "purchases and related trips" do not constitute regular and systematic business in North Carolina. *See Helicopteros Nacionales de Colombia v. Hall,* --- U.S. ---, --- S.Ct. ---, 80 L.Ed. 2d 404 (1984). Further, we see nothing in the record which indicates that the M. C. Anderson Construction Company "in the normal course of its daily operations takes bid and conducts business with suppliers of construction equipment and construction supplies located in the State of North Carolina."

Since the record lacks competent evidence that plaintiff was to perform or performed the agreement in North Carolina, or that defendant engaged in substantial activity in North Carolina, we do not find any statutory basis for personal jurisdiction over defendant. *See* G.S. 1-75.4(1)(d), (5).

Moreover, since there is no evidence to support the finding that defendant conducted regular and systematic business in North Carolina, the courts of North Carolina have no general jurisdiction over defendant consistent with due process. *Helicopteros,* --- U.S. at ---, --- S.Ct. at ---, 80 L.Ed. 2d at 413.

The agreement itself also fails to give North Carolina specific jurisdiction over defendant consistent with due process. There is no evidence linking plaintiff's business activity on behalf of defendant to North Carolina, nor is there any evidence showing defendant was in North Carolina for any purpose connected with the agreement. Nothing in the record indicates that, by entering into an agency agreement with plaintiff, defendant purposely availed himself of the benefits and protections of our laws. *Phoenix America Corp. v. Brissey,* 46 N.C. App. 527, 532, 265 S.E. 2d 476, 480 (1980).

As the trial court found, the "crucial witnesses and material evidence are evenly distributed between the States of North Carolina and Georgia."

We hold that the assertion of in personam jurisdiction over the defendant is not authorized by our statutes and violates due process.

Reversed.

Judges MARTIN and PARKER concur.