Nydia Kira HERNANDEZ, Plaintiff,

v.

Migdalia SANTIAGO and AIG
Europe S.A., Defendants.

No. 5:98–CV–144–H.

United States District Court,
E.D. North Carolina,
Western Division.

March 1, 2001.

Douglas B. Abrams, Raleigh, for Nydia Kira Hernandez, Jesus Hernandez, father and next friend of Nydia Kira Hernandez, plaintiffs.

Robert Scott Pierce, Womble, Carlyle, Sandridge & Rice, Mary Nell Craven, Womble, Carlyle, Sandridge & Rice, Jack M. Strauch, Womble, Carlyle, Sandridge & Rice, Winston–Salem, for Migdalia Santiago, AIG Europe S.A., defendants.

## ORDER

HOWARD, District Judge.

This matter is before the court on defendants' motion to dismiss under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. The parties have responded and replied respectively. This matter is ripe for adjudication.

## STATEMENT OF THE CASE

This action arises out of a traffic accident that occurred in Hanau, Germany, on March 3, 1995. This action was commenced on February 27, 1998, when Jesus Hernandez, father of plaintiff Nydia Kira Hernandez, filed a *pro se* complaint against (1) defendant Santiago, the driver of the vehicle, and (2) AIG Europe, the carrier that insured the car Santiago was driving, and, (3) American International Group, the parent company of AIG Europe, S.A. ("AIG Europe"). Defendants have filed the motion to dismiss before the court based on lack of personal jurisdiction and improper venue.

Defendant Migdalia Santiago is a citizen of the United States and was born and raised in Puerto Rico. Her husband, Miguel Santiago ("Mr.Santiago"), was also born in Puerto Rico and lived there until enlisting in the United States Army in 1990. According to her affidavit, Santiago has only lived outside of Puerto Rico when accompanying her husband to his military stations of duty. Mr. Santiago is currently stationed in Germany.

After Mr. Santiago's military training was completed, the couple moved to Fort Carson, Colorado, where they were stationed from 1990 until December 1992, at which time Mr. Santiago was transferred to Hanau, Germany. Before moving to Germany, the Santiagos returned to Puerto Rico for three weeks in December 1992.

The automobile accident which gives rise to this action occurred on March 3, 1995. On the accident report filed by the police in the matter, defendant Santiago identified her place of residence as Puerto Rico. At the time of the accident, Santiago had never been to North Carolina, and her domicile was, at that time, Puerto Rico.

The Santiagos left Germany in late 1995 after Mr. Santiago was transferred to Fort Bragg, North Carolina. From January 1996 until February 1998, Mr. Santiago was stationed at Fort Bragg. During this period, the Santiagos purchased a house in Jacksonville, North Carolina.

In or about early 1998, Mr. Santiago received orders that he was being transferred back to Germany. In February 1998, the Santiagos left North Carolina and returned to Puerto Rico for one month before moving back to Germany. The Santiagos have lived in Baumholder, Germany, from March 1998 until present.

When they left North Carolina, the Santiagos did not sell the house they had purchased in Jacksonville because they had lived in the house for such a short time that it did not make financial sense to sell it. Rather, the Santiagos rented, and continue to rent the house. To do so, they have arranged for a real estate agent to manage the property for them. This agent rents the property and deposits the rent into a joint bank account the Santiagos maintained in North Carolina for the sole purpose of depositing the rental deposits. Defendant Santiago has not returned to North Carolina since she and her husband left the state in 1998.

Defendant AIG Europe is a French corporation with its principal place of business in Paris, France. Among other things, AIG Europe underwrites automobile insurance policies for military service personnel and their families located in Europe. Mr. Santiago was serving in Germany when he entered into the insurance contract. The policy covered Mr. Santiago's vehicle, which was registered in Germany. The policy was valid only for the time that the covered automobile was in Europe. Defendant Santiago was driving the insured vehicle in Germany when the accident occurred.

## COURT'S DISCUSSION

### I. Personal Jurisdiction

#### A. Standard of Review

■ In determining a challenge based on personal jurisdiction there is a two-prong approach. First, the court must determine if the North Carolina long-arm statute, N.C. Gen.Stat. § 1–75.4(1), permits the exercise of personal jurisdiction over the defendant. Second, the court must determine whether the exercise of personal jurisdiction over the defendant comports with due process under the United States Constitution as interpreted by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Federal Deposit Ins. Corp. v. British–American Corp.*, 726 F.Supp. 622 (E.D.N.C. 1989).

First, under the North Carolina long-arm statute, N.C. Gen.Stat. § 1–75.4(1), a North Carolina court is permitted to exercise jurisdiction over a non-resident defendant if that non-resident defendant is: (a) a natural person present within this state, (b) a natural person domiciled within this state, (c) a domestic corporation, (d) engaged in substantial activity within this state.

■ Second, assuming the North Carolina long-arm statute confers jurisdiction over a non-resident defendant, the exercise of such jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Due Process Clause protects both individuals and corporate entities from having to respond to lawsuits in foreign jurisdictions where they lack "minimum contacts." *See e.g. International Shoe v. Washington, supra.* "Minimum contacts" has been defined as the creation of a "substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the law of the state." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir.1994), *cert. denied,* 513 U.S. 1151, 115 S.Ct. 1103, 130 L.Ed.2d 1070 (1995). In determining

whether the requisite minimum contacts exist, a court may properly consider the quantity of contacts between defendant and the forum state, the quality and nature of contacts, the interests of the forum state, and the convenience of the parties. *United Advertising Agency, Inc. v. Robb*, 391 F.Supp. 626, 629–630 (M.D.N.C.1975).

■ In addition to actions whereby the defendant has "purposely availed" itself of the benefits and protections of the forum state, due process requires that the court's exercise of jurisdiction not offend "traditional notions of fair play and substantial justice." *See e.g. Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112–113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

### B. Application

### 1. Defendant Migdalia Santiago

Therefore, to predicate jurisdiction over defendant Santiago under the North Carolina long-arm statute, plaintiff would have to establish that at the time of service of process, March 24, 2000, Santiago was either domiciled within North Carolina or she was engaged in substantial activity within this state.

■ It is clear from the record that Santiago was not domiciled in North Carolina at the time of service of process. To establish domicile in North Carolina there must not only be a residence, but also an intention to make the location of that residence a home or to live there permanently or indefinitely. *Martin v. Martin*, 253 N.C. 704, 707, 118 S.E.2d 29, 32 (1961). Santiago lived in North Carolina for a single temporary purpose—to be with her husband until he was ordered by the United States Army to another location—and therefore cannot be considered a domicile of this state.

■ Thus, this court may not exercise jurisdiction over defendant Santiago unless she was engaged in substantial activity in North Carolina at the time of service of process. It is true that at the time of service of process, Santiago, with her husband, owned a house in the state. However, ownership of property, without more, does not constitute "substantial activity" upon which an exercise of personal jurisdiction can be predicated. *See Patrum v. Anderson*, 75 N.C.App. 165, 330 S.E.2d 55 (1985) (holding where defendant owned racing team which entered cars in North Carolina races, occasionally came to North Carolina, and on six occasions purchased goods from North Carolina plaintiff, there was no competent evidence that defendant engaged in substantial activity in North Carolina for purposes of exercising jurisdiction under North Carolina long-arm statute). Based on a review of the record, the court finds that defendant Santiago had fewer contacts with North Carolina then the defendant in *Patrum* and similar cases. Santiago simply owns property in North Carolina—property which would have been sold had it been economically feasible. The property is rented by an agent who deposits money into an account which means that the defendant has little or no contact with the property itself.

In sum, defendant Santiago neither was domiciled in North Carolina nor was she engaged in substantial activity within North Carolina at the time of service of process. Based on a review of the record, it is the court's finding that Santiago has always held herself out to be and remains a resident of Puerto Rico. Therefore, it is unnecessary to go into an analysis of the due process prong as it is clear from the record that defendant Santiago did not meet the requirements set forth by the North Carolina long-arm statute.

### 2. Defendant AIG Europe

■ Similar to defendant Santiago, the North Carolina long-arm statute does not confer personal jurisdiction over AIG Europe. Simply stated, AIG Europe is a foreign corporation which has not ever engaged in any activity whatsoever in North Carolina.

### CONCLUSION

Based on the foregoing analysis, defendants' motion to dismiss under F.R. Civ. P. 12(b)(2) is GRANTED. The clerk is directed to close this case.